In the Matter of IRENE C. MILLER, Petitioner, against J. RAYMOND McGOVERN, as Comptroller of the State of New York, Respondent.

Third Department, April 2, 1954.

*John T. De Graff* and *John J. Kelly, Jr.,* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Edward L. Ryan* and *Wendell P. Brown* of counsel), for respondent.

*Per Curiam.*  Following a hearing the Comptroller has disapproved petitioner's application for a death benefit for the alleged accidental death of her husband, who was a member of the New York State Employees' Retirement System, under section 81 of the Civil Service Law.  Petitioner brings this proceeding to review that determination.  (New York State Employees' Retirement System will hereinafter be referred to as " Retirement System " and all statutory references herein refer to the Civil Service Law.)

At all times with which we are concerned the decedent was a paid fireman in the city of Poughkeepsie, New York, and was a member of the Retirement System.  On November 14, 1950, decedent was assigned as driver to Engine No. 1, and at 9:05 in the morning was sent to extinguish a fire on a city dump. With the aid of another fireman, decedent manned a hose at this fire for approximately one and one-half hours, when another alarm came in for a fire on Main Street.  Decedent drove the truck to the scene of this fire, and almost immediately upon arrival received instructions to go to the aid of a man who had collapsed at 20 South White Street, some distance away.  (The exact distance does not appear in the record.)  Petitioner carried some blankets while other firemen carried an inhalator, and ran to the aid of the man who had collapsed.  Thereafter decedent returned to the dump fire, where he, with others, picked up the hose and returned to the fire station.  After sitting in the rest room for ten or fifteen minutes decedent collapsed and died.  The cause of his death was an acute coronary occlusion.

Section 81 covers the subject of accidental death benefits for members of the Retirement System. It is unnecessary to quote the section in full because the issue in this case is narrowed to the simple proposition: Did decedent die " as the natural and proximate result of an accident sustained in the performance of duty in the service upon which his membership was based "?

Petitioner produced evidence as to the work performed by decedent on the morning in question; as to the exertion involved; that heavy smoke was encountered at the dump fire; and medical opinion evidence that the exertion and smoke aggravated his previous condition of coronary sclerosis and brought on the coronary occlusion. The respondent offered no evidence at the hearing.

The Comptroller recites in his findings that the medical board of the Retirement System reviewed all records and reports, including a transcript of the testimony taken at the hearing, and rendered its opinion that no " ' accident ' within the meaning of the provisions of Section 81 * * * occurred on November 14, 1950 ". The determination apparently rests to a substantial degree, if not entirely, upon this report. Petitioner complains that such report was not offered in evidence.

In determining a claim for accidental death benefits under the Retirement System, the Comptroller is required by law to act " on the basis " of " the evidence ". (§ 81, subd. a.) Elsewhere in the statute the Comptroller is authorized to appoint a medical board " To aid him in passing upon applications for retirement ", which shall report to him " its findings and proceedings ". (§ 73, subd. e, par. 3.) But if the Comptroller bases his decision in any degree on this report he must treat the report as evidence in the record. He is not at liberty to regard it as a confidential matter under the terms of a statute which requires him to decide the claim on the basis of " the evidence ". And this becomes rather clear when it is seen that the report, which might ordinarily not be regarded as evidence in itself, is expressly made " admissible in evidence upon any hearing before the comptroller ". (§ 73, subd. e, par. 3.) The legal test applied to whether an administrative determination of this kind will be sustained on judicial review is whether there is substantial evidence to sustain it on the record considered as a whole. (*Matter of Kopec* v. *Buffalo Brake Beam-Acme Steel & Malleable Iron Works,* 304 N. Y. 65.) No adequate judicial review is possible where essential evidentiary material upon which the administrator has acted is not in the record and before the court.

The determination should be annulled and the claim remitted to the Comptroller for further proceedings.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Determination annulled and the claim remitted to the Comptroller for further proceedings, without costs.