Arnold J. Kaiser, Appellant, v. Morris Rachmilowitz, Respondent.— Motion for reargument, or in the alternative, for permission to appeal to the Court of Appeals denied, without costs. Present — Bergan, J. P., Coon, Halpern, Imrie and Zeller, JJ. [See *ante,* p. 924.]

In the Matter of Irene C. Miller, Petitioner, against J. Raymond McGovern, as Comptroller of the State of New York, Respondent.— This proceeding now before us on reargument is to review a determination of the State Comptroller denying an application for accidental death benefits under section 81 of the Civil Service Law. It was argued on the understanding that the determination rested "to a substantial degree, if not entirely upon" a report and opinion of the medical board of the Retirement System that the death of petitioner's husband was not the result of an accident within the meaning of section 81, which report was not in the record. This court annulled the determination and remitted the claim to the Comptroller for further proceedings. (*Matter of Miller* v. *McGovern,* 283 App. Div. 575.) Subsequently it developed that there was no formal report of the medical board. It has now been stipulated that Comptroller's findings be amended by expunging finding 9, referring to the medical board's review and advice of no accident be expunged and a finding substituted therefor that, on the record and remaining findings, the events preceding the death of petitioner's husband did not constitute an accident and were not the natural and proximate cause thereof. Such amendment leaves the case substantially as it was. It remains clear that there was matter before the Comptroller which was not in the record upon which the determination rested to some degree. While it may be inferred that the determination is to be based upon the evidence in the record without reliance upon any information from the medical board it is our opinion that, if such be the case, there should be made new findings to that end. We adhere to our former determination annulling the determination and remitting the claim to the Comptroller for further proceedings. Foster, P. J., Bergan, Coon, Imrie and Zeller, JJ., concur. [See *ante,* p. 844.]