Howard A. Zeller, J.
This is a proceeding under article 78 of the Civil Practice Act and section 82 of the General City Law to review a determination of the Board of Zoning Appeals of the City of Ithaca. The determination confirms the issuance by the building commissioner to the respondent Tidewater Oil Company of a permit to erect a gasoline station in a “ business district ” upon property leased from the respondent Van Lent. The petitioner Russo owns improved land in the neighborhood and the petitioner Sprague represents the interest of a nearby *531 church. Article VII of the Zoning Ordinance of the City of Ithaca provides that business districts, inter alia, are for “ general Retail Business * * * (and) * * * ordinary servicing and repair work ”, but excludes any business “which involves noxious fumes, strong odors, objectionable noise or undue hazard for pedestrian or other traffic ”.
The Board of Zoning Appeals held a hearing at which exhibits were received in evidence and witnesses were sworn, examined and cross-examined by counsel on the issues of whether the contemplated gas station would produce fumes, odors, and noise, or create the undue hazards which the zoning ordinances seek to avoid in business districts. Thereafter, three members of the board voted to affirm the issuance of the permit and three voted to reverse the action of the building commissioner. Inasmuch as four votes are necessary to reverse (General City Law, § 81, subd. 1), this division resulted in an affirmance of the issuance of the permit. Bach group of members signed and filed an opinion.
In this judicial proceeding, the petitioners contend that ‘ ‘ .the legal evidence in the record establishes that the gas station here involved would definitely create an unlawful condition of noxious fumes, objectionable noises, and undue hazards to pedestrian and vehicular traffic ”, and further contend that the members of the board “ acted arbitrarily, unreasonably and capriciously in that they considered matters outside the record of the said trial ” in reaching a decision.
It is clear that the board went outside of the record of the hearing to obtain information which was relied upon in reaching its decision. The opinion of the prevailing members recite: " To further explore this ‘ undue hazard ’ claim, the whole board has examined Ithaca’s accident experience records”; “ On investigation, in an interview at Ithaca’s Traffic Bureau, we find that the accident experience is excellent ”; “ The Fire Department reports to us that gas stations are not unusual sources of fire”; and “ The Health Department report that they have no record of any problem of ‘ noxious fumes or strong odors ’ at gas station locations ”. The record does not contain the reports or the substance of the interview.
A Zoning Board of Appeals may act upon its own knowledge of conditions or may make its own survey. (Matter of Community Synagogue v. Bates, 1 N Y 2d 445; Matter of Levy v. Board of Stds. & Appeals, 267 N. Y. 347; People ex rel. Fordham, Manor Ref. Church v. Walsh, 244 3NL Y. 280; Ma:tter of Gilbert v. Stevens, 284 App. Div. 1016.) But in its interview at the traffic bureau and in receiving reports from the fire and *532 health departments, the members of the board were relying upon the knowledge of others and weighing surveys not made by themselves. Expressed somewhat differently, they were not acting on their, own knowledge or conducting their own survey bqt were acquiring information which does not appear in the record. The real worth of a hearing with the right to test the testimony of witnesses by examination and cross-examination and to argue the admissibility and significance of exhibits is destroyed if the ones who decide the matters in issue may acquire evidence outside of the hearing room in the absence of the parties and their attorneys and then base their determination, even in-part, on such information. (Mazza v. Cavicchia, 15 N. J. 498; Matter of New York Water Service Corp. v. Water Power & Control Comm., 283 N. Y. 23.) Furthermore, no adequate or intelligent judicial review is possible unless all the essential evidentiary material upon which the administrative agency predicates a quasi-judicial determination is in the record and before the court. (Matter of Miller v. McGovern, 283 App. Div. 575, 285 App. Div. 989.)
The respondent Van Lent argues that the record shows that the petitioners agreed that the board could conduct its own investigation after the hearing and prior to its determination. The record does indicate that the board ruled that it would “ take judicial notice of all official city records ” relating to the hearing and that petitioners’ attorney did not voice any objection to the ruling. But this state of the record cannot be construed as tacit consent by the petitioners that the board interview others, receive reports or conduct an investigation. The phrase “in an interview ” and “ reports to us ” as used in the prevailing opinion connote, not perusal of records by members of the board but interpretation of statistics and records to the board by others whose identities are not disclosed. It is certain that the interview at the traffic bureau and the reports made by the fire and health departments to the board did not constitute taking judicial notice of official city records but were improper substitutes for evidence. It is unnecessary to decide whether or not it would have been proper under the circumstances for the board to take judicial notice of official city records.
The. conclusion is reached that the conduct of the board was unreasonable, in violation of well-established law and that the petitioners were prejudiced thereby. Consequently, the determination may not be allowed to stand.
Petitioners’ contention that the record establishes that the gas station would produce noxious fumes, cause objectionable *533 noises and create an undue hazard to pedestrians and vehicles has not been passed upon and this decision should not be construed as indicating a disapproval of the result reached by the prevailing members of the board. Upon a rehearing, the board should receive such additional competent evidence it wishes to consider and then reach, upon the whole record, the conclusion it regards warranted.
The determination should be annulled, without costs, and the matter remitted to the Board of Zoning Appeals for further proceedings not inconsistent herewith.