■ In the Matter of EMERSON A. SWARTZ, an Attorney, Respondent. BAR ASSOCIATION OF NASSAU COUNTY, N. Y., INC., Petitioner.— Upon the opening of the hearing on February 6, 1967 before the Justice of the Supreme Court to whom the issues in this proceeding had been referred by this court for hearing and report, respondent, present, with counsel, submitted to said Justice his executed resignation as an attorney and counselor at law of the State of New York, dated the same day. The resignation was thereupon transmitted to this court. In view of the resignation no specific proof of respondent's professional misconduct was adduced at the hearing. Respondent was admitted to practice law by this court on May 5, 1950. It appears from the typewritten transcript of the stenographic minutes of the hearing that upon such hearing the respondent admitted the first two charges against him in the petition herein. Under all the circumstances, respondent's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that respondent's name be struck from the roll of attorneys and counselors at law, effective February 27, 1967. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.

■ In the Matter of JOHN BUBANY, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 to annul a determination of respondent State Liquor Authority which disapproved petitioner's application for a retail liquor store license. The proceeding has been transferred to this court for disposition. Determination annulled, without costs, and matter remitted to respondent for the purpose of holding a hearing, in accordance with the memorandum herewith, and making a determination de novo. In our opinion, it is clear from the record presented that petitioner's application was disapproved because the premises were within 200 feet of a school and thus were barred by subdivision 3 of section 105 of the Alcoholic Beverage Control Law. However, the premises are not on the same street or avenue as the school and the mandatory prohibition of the statute is inapplicable (Matter of Cup & Saucer Cottage Rest. v. New York State Liq. Auth., 19 A D 2d 597, affd. 13 N Y 2d 1050; Matter of Surface Line Operators Fraternal Organization v. New York State Liq. Auth., 25 A D 2d 775, mot. for lv. to app. den. 17 N Y 2d 425). It is our opinion, accordingly, that on this record the matter should be remitted to the Authority for the purpose of holding a hearing on the question whether public convenience and advantage would not be served by the approval of petitioner's application. Motion by petitioner to strike certain paragraphs from respondent's answer, together with certain exhibits annexed thereto, insofar as it was transferred to this court, denied, without costs (cf. Matter of Collins v. Behan, 285 N. Y. 187; Matter of Miller v. McGovern, 283 App. Div. 575). Ughetta, Acting P. J., Christ, Brennan, Hopkins and Munder, JJ., concur.