23 Wn. App. 260 (1979)
595 P.2d 58
SOUTH CAPITOL NEIGHBORHOOD ASSOCIATION, ET AL, Appellants,
v.
THE CITY OF OLYMPIA, ET AL, Respondents.
No. 3402-2.
The Court of Appeals of Washington, Division Two.
May 3, 1979.
Stanbery Foster, Jr., for appellants.
*261 Ernest L. Meyer, Pebbles, Swanson & Lindskog, and Ralph G. Swanson, for respondents.
SOULE, J.
The South Capitol Neighborhood Association and others appeal from a Thurston County Superior Court judgment that upheld the City of Olympia's approval of a rezone application and dismissed the writ of certiorari the court had issued in order to review the Olympia City Commission's decision on the rezone application. We reverse the judgment because of the city's failure to supply a verbatim transcript of the proceedings before the city commissioners.
In July 1975, Holiday Investments, Inc., filed an application to rezone 3.5 acres located within the South Capitol neighborhood area of the City of Olympia from its present zoning classification of R/D (single-family residences and duplexes) to RM-2 (multi-family medium high density) to accommodate Holiday's plan to construct a 60-unit townhouse apartment complex. An environmental impact statement was ordered to be prepared and several public hearings were held by the land use committee of the planning commission and by the planning commission as a whole. Members of the South Capitol Neighborhood Association testified at the hearings in opposition to the rezone but the planning commission voted to approve the rezone application on February 23, 1976. After holding a public hearing, the city commissioners approved the rezone by adopting ordinances Nos. 3939 and 3940 in April 1976. The Association then obtained a writ of certiorari in Thurston County Superior Court to review the rezone. After hearing testimony, thoroughly reviewing all pertinent exhibits, and viewing the premises, the Superior Court quashed the writ and declared the ordinances to be valid.
This appeal raises various significant issues, including whether there was a violation of the appearance of fairness doctrine, whether the environmental impact statement was adequate, and whether the zoning change constituted illegal spot zoning. Regrettably, we are unable to reach the merits *262 of these issues due to the inadequacy of the record of the administrative proceedings below.
Apparently the planning commission and its land use committee had a total of seven public hearings concerning the rezone application, followed by the city commission hearing. The trial court in its review of the rezone action had before it verbatim transcripts of the tape recordings made of all five public hearings before the planning commission as a whole. Those transcripts were not made until after the city commission approved the rezone and were not available for review by that body incident to its decision on the application. The trial court also had before it a document entitled "EXCERPTS  CASE #334 & #335," which is from the minutes of the city commission public hearing into the application on March 16, 1976. The minutes are a summary of the proceeding which reads as follows:
Planning Director, Art O'Neal reviewed the application and reported that the applicants property is on the east edge of the South Capitol Neighborhood which is an older neighborhood in which a substantial number of homes have been restored and upgraded in recent years, many have been converted to multifamily use. The applicant is proposing to construct a 30 unit townhouse apartment complex on 1.3 acres, at a density of 23 units per acre. The existing zoning would allow a density of 12 units per acre with duplexes. The Planning Commission conducted a hearing on February 23, 1976 and had several other meetings and on site inspection.
The Planning Commission voted 10 - 1 in favor of approval subject to the following conditions:
[A list of seven conditions follows.][[1]]
Mayor Allen inquired as to what facilities will be available for parking.
Art O'Neal stated that there were two parking spaces per unit.
Stanbery Foster, Jr., Secretary of the South Capitol *263 Neighborhood Association, stated that the South Capitol Neighborhood Association opposed the application.
There being no further discussion ... [the city commission voted approval].
In Barrie v. Kitsap County, 84 Wn.2d 579, 586-87, 527 P.2d 1377 (1974), a unanimous Supreme Court considered a challenge to the approval of a rezone application, and held as follows:
The plaintiffs also challenge the sufficiency of the record, contending that rezone proceedings are quasi-judicial in nature and therefore require a verbatim record to be kept by both the planning commission and the board of county commissioners. We agree.
...
A full and complete record is important in all types of proceedings. However, the necessity of an adequate record is especially acute when the court is called upon to review adjudicatory proceedings. In Loveless v. Yantis, 82 Wn.2d 754, 513 P.2d 1023 (1973), we recognized on page 762 that:
Courts reviewing the proceedings of planning commissions and county commissioners in zoning cases are normally restricted to a consideration of the record made before those groups.
In Loveless on page 763 we adopted the decision of Russo v. Stevens, 10 Misc.2d 530, 173 N.Y.S.2d 344 (1958), and concluded that
no adequate or intelligent judicial review is possible unless all the essential evidentiary material upon which the administrative agency predicates a quasi-judicial determination is in the record and before the court.
The very purpose for requiring a record is to provide an adequate factual accounting which will enable a reviewing court to resolve the issues before it in a given case. In light of our determination that rezone proceedings conducted by county planning commissions and boards of county commissioners are quasi-judicial in character, we hold that a verbatim record of rezone proceedings hereafter initiated shall be required in order that we assure future parties a full and complete judicial review.

*264 (Italics ours.) Accord, Parkridge v. Seattle, 89 Wn.2d 454, 463-64, 573 P.2d 359 (1978). The proceedings herein were initiated more than 1 year after Barrie was decided.
In the instant case, the trial court believed that the city commission hearing minutes, together with verbatim transcripts of most of the planning commission proceedings, provided a sufficient basis for review of those agency decisions on the proposed rezone. Counsel for the City of Olympia and the rezone proponents argue that the minutes in this case are a materially accurate paraphrase of the city commission hearing, in which the opponents submitted no testimony or evidence other than Mr. Foster's bare statement of opposition described above; that the verbatim record of the planning commission hearings contains the details of the opposition; that it would be a worship of form over substance in this situation to conclude that the record is inadequate for review because the record of the city commission hearing is not verbatim, but only a close paraphrase.
[1] We see the logic in this argument and regret having to reverse the trial judge, especially because his decision appears to have been made without a consideration of the rule in Barrie, which was not argued to him by counsel for the rezone opponents. Nevertheless, the clear holding of Barrie, as recently repeated in Parkridge, is that it is incumbent upon the agency passing upon the rezone application to compile and make available for review a verbatim record of the hearings before it, as well as the planning commission, or the rezone will be void. This rule is stated unequivocally, and we can find in it no room for exceptions and certainly no basis for ignoring it, despite the asserted exaltation of form over substance in this case.[2]
*265 [2] Because appellants have prevailed, they would be entitled to costs under RAP 14.2 unless the decision terminating review directs otherwise. It is our decision to deny costs because it is apparent that the failure of the appellants to bring the controlling authority to the attention of the trial court has resulted in an overly complex trial and probably a needless appeal, for we have little doubt that the trial judge would have followed Barrie had it been brought to his attention.
The decision of the trial court and the city commission's approval of the rezone are reversed but appellants will be denied costs.
REED, A.C.J., and PETRIE, J., concur.
Reconsideration denied May 17, 1979.
Review denied by Supreme Court August 22, 1979.
NOTES
[1] These conditions appear to have been imposed at the request of the appellants.
[2] The necessity of a verbatim record of proceedings at the city council level also arises from the present law that in reviewing the Superior Court's judgment on the action of an administrative body, the appellate court applies its standard of review directly to the record of the administrative proceedings and not to the findings or conclusions of the Superior Court. Standow v. Spokane, 88 Wn.2d 624, 637, 564 P.2d 1145 (1977); State Ferries v. International Organization of Masters, Mates and Pilots, 20 Wn. App. 887, 890, 584 P.2d 397 (1978).

From the Superior Court record before us we have no reason to believe that the trial judge reached a factually improper result, but he did take live testimony and hence had before him evidence concerning the administrative proceeding which had a somewhat different emphasis than would have been the case had he simply been reviewing the record by which we must be guided.