[No. 36887.   Department Two.   April 30, 1964.]

JAMES E. DONALDSON, *Appellant,* v. THE STATE PERSONNEL BOARD *et al., Respondents.**

*Corbett, Siderius & Lonergan* and *Henry & Epstein,* for appellant.

*The Attorney General, R. Ted Bottiger, Jerry Weaver,* and *Herbert Gelman, Assistants,* for respondents.

PER CURIAM.—Plaintiff, an employee in the office of the state auditor, commenced this action against the State Personnel Board to enjoin it from implementing a proposed amendment to the Merit System Rules, designated as Article XX, "Agreements Between Agencies and Employee Organizations."

RCW 41.06.150[1] provides, among other things, that the Board adopt rules regarding procedures for the establishment of

" . . . agreements between agencies and employee organizations providing for grievance procedures and collective negotiations on personnel matters, including wages, hours and working conditions, which may be peculiar to an agency; . . ."

Plaintiff urges that the Board is attempting to act beyond its statutory power and that Article XX of the Merit System Rules is unconstitutional and void.

*Reported in 391 P. (2d) 970.

---

[1] Laws of 1961, chapter 1, § 15, adopted by the voters as Initiative Measure No. 207 and designated the State Civil Service Law.

The trial court dismissed the action and stated in its memorandum opinion:

"There is no controversy before this court which is ripe for judicial consideration. The plaintiff has not been harmed by the proposed rule and there is no present threat of harm to plaintiff. The courts do not exist to issue advisory opinions nor to decide controversies which do not exist."

■ We agree with the trial court. Plaintiff has failed to establish facts sufficient to support a conclusion that any right or privilege of his has been interfered with or impaired, or is immediately threatened to be interfered with or impaired as required by RCW 34.04.070. The touchstone of justiciability is injury to a legally protected right.

The judgment is affirmed.