[No. 43687.   En Banc.   November 20, 1975.]

DELORIS J. FECHT, *Appellant*, v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Respondent*.

*Norman R. McNulty, Jr.*, of *Spokane County Legal Services*, for appellant.

*Slade Gorton, Attorney General*, and *Walter E. White, Assistant*, for respondent.

BRACHTENBACH, J.—The issue is whether plaintiff is entitled to public assistance. At the time of applying for assistance, plaintiff was a 48-year-old employable but unemployed single female. She met all the eligibility requirements for noncontinuing general assistance except that she was under the age of 50. Assistance was denied on the basis of WAC 388-37-210[1] which restricts noncontinuing general

---

[1]WAC 388-37-210: "When other eligibility has been established, non-continuing general assistance shall be granted to

"(1) A single person who is 50 years of age or older,

"(2) Husband and wife when the man is 50 years of age or older,

"(3) Families with both parents, or a single parent, living in the

assistance, in the case of single persons, to those 50 years of age or older.

The trial court upheld the department's denial of assistance. We reverse.

■ We find the department's regulation creates a criterion inconsistent with and not authorized by the statute. Therefore, we hold the age limitation upon the receipt of noncontinuing general assistance in WAC 388-37-210 void. We start with RCW 74.08.025:

> Public assistance shall be awarded to any applicant:
> (1) Who is in need; . . .

"Need" is defined in RCW 74.04.005(13):

> "Need"—The difference between the applicant's or recipient's cost of requirements for himself and the dependent members of his family, as measured by the standards of the department, and value of all nonexempt resources and nonexempt net income received by or available to the applicant or recipient and the dependent members of his family.

RCW 74.04.005(6) defines general assistance to include aid to unemployed employable persons. The department is to establish standards of assistance for general assistance to unemployed employable persons based upon annual living cost studies and compatible with a minimum necessary for decent and healthful subsistence. Such standards shall permit the meeting of actual and emergent need on an individual basis. RCW 74.08.040.

Nowhere in these applicable statutes is there any reference to age as a criterion. The department contends, however, that under RCW 74.04.200 and 74.08.090 the department may establish standards of eligibility for noncontinuing general assistance and that the age limitations are within the authority conferred by these sections.

RCW 74.04.200 states:

> It shall be the duty of the department of public assist-

---

home with minor dependent child(ren), including an unborn child, who are not eligible for AFDC or continuing general assistance.

"(4) A minor child living outside the parental home and enrolled in high school or a vocational training plan approved by the local office."

ance to establish uniform statewide standards to govern the granting of assistance in the several categories of this title . . .

RCW 74.08.090 states:

The department is hereby authorized to make rules and regulations not inconsistent with the provisions of this title to the end that this title shall be administered uniformly throughout the state, and that the spirit and purpose of this title may be complied with.

■ These statutes do vest in the department broad authority to exercise its administrative discretion in determining the basis for awarding public assistance, but such authority is not without certain boundaries. RCW 74.08.090 makes it clear that any rules and regulations promulgated by the department must be within the "spirit and purpose" of Title 74. The obvious intent of the legislature is to provide assistance to those individuals who are in "need." In contrast, when the legislature intended age to be a criterion, it specifically said so. For example, the age is specified in eligibility for old age assistance. RCW 74.08.030. The same is true in defining a dependent child for the administration of aid to families with dependent children. RCW 74.12.010.

■ The department argues that the legislature has acquiesced for some years in this administrative rule and, therefore, it should be entitled to considerable weight in determining legislative intent. If the statutes are unambiguous, which we find them to be, then there is no room for administrative action to guide interpretation. *Lee v. Jacobs*, 81 Wn.2d 937, 506 P.2d 308 (1973).

In view of our decision, we need not and do not reach the appellant's equal protection arguments.

STAFFORD, C.J., and FINLEY, ROSELLINI, HUNTER, HAMILTON, WRIGHT, UTTER, and HOROWITZ, JJ., concur.