87 Wn.2d 823 (1976)
557 P.2d 336
WASHINGTON FEDERATION OF STATE EMPLOYEES, AFL-CIO, Respondent,
v.
THE HIGHER EDUCATION PERSONNEL BOARD, ET AL, Appellants. WASHINGTON STATE EMPLOYEES ASSOCIATION, Respondent,
v.
FRANK CLEARY, ET AL, Appellants.
No. 44032.
The Supreme Court of Washington, En Banc.
December 16, 1976.
Slade Gorton, Attorney General, James B. Wilson, Senior Assistant, and Kenneth W. Elfbrandt and Maxine S. Thomas, Assistants, for appellants.
Comfort, Dolack, Hansler, Hulscher, Rosenow, Burrows & Billett, by Dean A. Floyd, for respondent Federation of State Employees.
Herbert H. Fuller (of Fuller & Fuller), for respondent State Employees Association.
Slade Gorton, Attorney General, and Anne Ellington, Assistant, on behalf of State Human Rights Commission, amici curiae.
DOLLIVER, J.
This is an appeal of consolidated cases from the Superior Court for Thurston County. That court declared that the amendments to WAC 251-18-390 and 251-18-240 were contrary to the laws of the State of Washington and were adopted without proper authority. Appellant Higher Education Personnel Board (hereafter the Personnel Board) was permanently enjoined from enforcing the rules contained in these amendments. Respondents were allowed costs, including the cost of the bond premium. The trial court allowed the Board of Regents of the University of Washington to intervene in this matter. The Board of Regents' motion to dismiss was denied. An amicus brief *825 was filed in this court on behalf of the Washington State Human Rights Commission.
The trial court found that there were no issues of fact to be determined. The issues before this court are the same as those that were before the trial court: Whether the WAC amendments in question exceed the Personnel Board's statutory authority, and whether there is a justiciable controversy before the court.
The Personnel Board operates pursuant to the higher education personnel law, RCW 28B.16. RCW 28B.16.100 provides, in pertinent part:
(1) The higher education personnel board shall adopt and promulgate rules and regulations, consistent with the purposes and provisions of this chapter and with the best standards of personnel administration, regarding the basis for, and procedures to be followed for, ... layoffs when necessary and subsequent reemployment, both according to seniority; ...
(2) Rules and regulations adopted and promulgated by the higher education personnel board shall provide for local administration and management by the institutions of higher education and related boards, subject to periodic audit and review by the board, of the following:
...
(g) Layoffs when necessary and subsequent reemployment;
(Italics ours.) RCW 28B.16.900 provides:

If any part of this chapter shall be found to be in conflict with federal requirements which are a condition precedent to the allocation of federal funds to an institution of higher education or related board, such conflicting part of this chapter is hereby declared to be inoperative solely to the extent of such conflict and with respect to the institutions or related boards directly affected, and such findings or determination shall not affect the operation of the remainder of this chapter in its application to the institutions or related board concerned. The board shall make such rules and regulations as may be necessary to meet federal requirements which are a condition precedent to the receipt of federal funds by the institutions of higher education, related boards, or the state.
(Italics ours.)
*826 The Personnel Board, purportedly acting pursuant to RCW 28B.16.100 and RCW 28B.16.900 adopted amendments to Washington Administrative Code 251-18-240 and 251-18-390 at its meeting in December of 1974. WAC 251-18-240, as adopted at that meeting, provided in pertinent part:
(1) Upon receipt of a personnel requisition, the personnel officer shall certify in writing two (2) more names than there are vacancies to be filled in strict order of standing on the appropriate lists.
(2) In the case of certification made from an established layoff list, the eligible with the greatest layoff seniority shall be certified for appointment, except when it is necessary to certify an eligible from layoff consistent with WAC 251-18-390(3).

(Italics ours.) Also adopted was WAC 251-18-390 (3) which provided:
At the option of the institution or related board, the corrective employment program for classified employees may also include provisions for the institution to retain less senior permanent status women, racial minorities or handicapped employees when layoff is necessary.
Such provisions shall enable the institution to retain the equivalent proportion of racial minorities, women or handicapped employees which existed prior to the reduction in force provided that a condition of "under-representation" as defined in WAC 251-04-020 (38) (a) does or may exist.

Administrative procedures to implement this rule shall be written consistent with the institution's affirmative action plan and approved by the director prior to use of this rule.
(Italics ours.)
[1] In regard to the first issue, we find that the statute requires that there be a finding of conflict with federal requirements prior to an adoption of regulations such as those in question. The appellants claim that the Personnel Board was "aware of" several cases in which the Civil Rights Act of 1964, tit. VII, § 703 (as amended), 78 Stat. 255 (codified in scattered sections of 2000, 42 U.S.C.), required remedial practices in hiring and seniority systems and now argue that a conflict exists between RCW 28B.16.100 *827 and federal law, evinced by the cases they cite. Still, there has been no "finding" that such a conflict exists. Without commenting on the merit of appellants' claim, we find that the procedure the Personnel Board has followed is not that which was provided by the legislature in RCW 28B.16.100 and RCW 28B.16.900.
There has been no finding that a condition of under-representation of women, racial minorities, or handicapped employees exists in the institutions. There has been no finding that a traditional seniority system, coupled with a condition of under-representation, creates a conflict with federal law. The Personnel Board appears to have presumed a condition of under-representation and has anticipated a conflict with federal requirements. It has designed a procedure for institutions to adapt prematurely to federal "requirements" which may or may not be found to exist. Each institution is empowered to draw up a plan. When administrative procedures to implement the plan are formulated, the approval of the director is required. Presumably at this point, there is a determination as to whether a conflict exists between the traditional seniority program and federal requirements. This clearly is not a procedure that is within the legislative grant of authority.
[2] As we often held in the past, rules must be written within the framework and policy of the applicable statutes. See Kitsap-Mason Dairymen's Ass'n v. State Tax Comm'n, 77 Wn.2d 812, 467 P.2d 312 (1970); State ex rel. West v. Seattle, 50 Wn.2d 94, 309 P.2d 751 (1957).
The Personnel Board may find that in order to implement conflicting federal requirements it needs more latitude than it has been given by the legislature in RCW 28B.16.900. If so, its remedy is not to circumvent its grant of authority but rather to seek a broader mandate through the legislature.
This holding is specifically limited to the narrow issue stated above. We make no determination as to the propriety of a dual-seniority layoff system and do not intend for this holding to affect the position taken by this court in Lindsay v. Seattle, 86 Wn.2d 698, 548 P.2d 320 (1976), or DeFunis v. Odegaard, 82 Wn.2d 11, 507 P.2d 1169 (1973).
*828 Appellants next contend that the questions raised by the respondents do not present a justiciable controversy. They argue that the controversy would be ripe only if the procedure permitted by the amendments was implemented by an institution.
The administrative procedures act, RCW 34.04.070, provides:
(1) The validity of any rule may be determined upon petition for a declaratory judgment thereon addressed to the superior court of Thurston County, when it appears that the rule, or its threatened application, interferes with or impairs or immediately threatens to interfere with or impair, the legal rights or privileges of the petitioner. The agency shall be made a party to the proceeding. The declaratory judgment may be rendered whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question.
(2) In a proceeding under subsection (1) of this section the court shall declare the rule invalid only if it finds that it violates constitutional provisions or exceeds the statutory authority of the agency or was adopted without compliance with statutory rule-making procedures.
[3] There is no question that seniority is a right or privilege under the act. The question raised is whether the threat to that right or privilege is sufficiently proximate to justify the superior court in taking jurisdiction. Under the administrative procedures act, it must be shown that "it appears that the rule, or its threatened application ... immediately threatens to interfere with or impair, the legal rights or privileges of the petitioner." RCW 34.04.070(1). We realize that the amendments in question will not change the seniority system unless they are implemented. However, the amendments provide a mechanism for the institutions to restructure their seniority system. The touchstone of justiciability is injury to a legally protected right. Donaldson v. State Personnel Board, 64 Wn.2d 368, 391 P.2d 970 (1964). Understanding the importance of seniority to the employees, we are sympathetic to respondents' contention that the amendments throw the employees into a state of uncertainty regarding their seniority status *829 and create immediate problems for them in planning for their future employment. To force the respondents to delay their legal action until a dual seniority system is implemented and layoffs occurred would be an inadequate remedy for those individuals represented by the respondents. See Heavens v. King County Rural Library Dist., 66 Wn.2d 558, 404 P.2d 453 (1965).
We affirm the trial court's holding on each issue.
STAFFORD, C.J., HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, and HOROWITZ, JJ., and COCHRAN, J. Pro Tem., concur.