88 Wn.2d 925 (1977)
568 P.2d 775
THE MUNICIPALITY OF METROPOLITAN SEATTLE, Respondent,
v.
THE DEPARTMENT OF LABOR AND INDUSTRIES, Respondent, AMALGAMATED TRANSIT UNION LOCAL NO. 587, Appellant.
No. 44441.
The Supreme Court of Washington, En Banc.
August 25, 1977.
*926 Lycette, Diamond & Sylvester, by John T. Petrie, for appellant.
Slade Gorton, Attorney General, and Richard L. Kirkby and Charles F. Murphy, Assistants, for respondent State.
Preston, Thorgrimson, Ellis, Holman & Fletcher, by J. Markham Marshall, for respondent Metropolitan Seattle.
ROSELLINI, J.
The King County Superior Court reversed a decision of the director of the Department of Labor and Industries[1] certifying the appellant union as bargaining representative of 63 Municipality of Metropolitan Seattle (Metro Transit) employees. The director had affirmed the findings and order of the associate chief labor mediator, who had heard the evidence on the application for certification, pursuant to Laws of 1967, 1st Ex. Sess., ch. 108, §§ 6, 7, and 8, pp. 1886-88.
The Superior Court's decision was grounded on its finding that the director and the mediator had failed to follow the department's established precedents in deciding the question whether the employees were entitled to union representation. The correctness of his decision that the unit was appropriate for the purpose of collective bargaining, made pursuant to RCW 41.56.060, was not questioned.
The court found that the director had, in passing upon previous applications for certification, adopted criteria for *927 determining whether the members of a proposed bargaining unit were "employees" within the meaning of RCW 41.56.030(2) and that the department had not followed those criteria in this instance. Consistent application of criteria, the court concluded, is mandated by RCW 41.56.010, which provides:
The intent and purpose of this chapter is to promote the continued improvement of the relationship between public employers and their employees by providing a uniform basis for implementing the right of public employees to join labor organizations of their own choosing and to be represented by such organizations in matters concerning their employment relations with public employers.
(Italics ours.)
The court did not deal with, and apparently did not consider, the question whether the criteria adopted by the director were consistent with the statutory provision defining "employee" for purposes of collective bargaining. One of the contentions which the appellant advances in its attack upon the court's decision is that the workers which it seeks to represent are employees within the plain meaning of the statutory language. If this is the case, the director's decision was correct regardless of the reasoning or the criteria which he employed in reaching that decision.
The pertinent section of RCW 41.56.030 provides:
(2) "Public employee" means any employee of a public employer except any person (a) elected by popular vote, or (b) appointed to office pursuant to statute ..., or (c) whose duties as deputy, administrative assistant or secretary necessarily imply a confidential relationship to the executive head or body of the applicable bargaining unit, or any person elected by popular vote or appointed to office pursuant to statute, ordinance or resolution for a specified term of office by the executive head or body of the public employer.
(Italics ours.)
It is conceded that the head of the bargaining unit is the director of Metro Transit, and it is not suggested that the *928 employees represented by the appellant union in this proceeding are employed by any other elected or appointed officer. None of the positions involved carries the title "deputy", "administrative assistant", or "secretary".
Unless the positions involved fall within one of these categories, the persons holding them are not excluded from the definition of "public employee" under the act. Furthermore, even if they fit one or more of the categories named in the statute, the persons holding them are nevertheless public employees if their duties do not necessarily imply a confidential relationship with the director of Metro Transit.
From the record before us, it appears that the director of the Department of Labor and Industries has never attempted to define the terms "deputy", "administrative assistant", and "secretary". When asked to decide whether an employee whose job does not carry one of those descriptions is excluded under the act, he has looked to see whether the employee was a "supervisor", as defined by the National Labor Relations Act, 29 U.S.C. § 152(11) (1971).[2]
The National Labor Relations Act expressly excludes "supervisor" from its definition of the term "employee". 29 U.S.C. § 152(3) (1971). It does not exclude deputy, administrative assistant, or secretary. RCW 41.56, the Public Employees' Collective Bargaining Act, on the other hand, expressly excludes these categories of employees but makes no mention of supervisors. It contains no legislative suggestion that the director or the courts should be guided by decisions under the National Labor Relations Act, in interpreting *929 its provisions.[3]
[1] We think the legislative intent is adequately expressed in the language used in the statute. If a statute is unambiguous, there is no need to look to administrative action as an aid to interpretation. Fecht v. Department of Social & Health Servs., 86 Wn.2d 109, 542 P.2d 780 (1975). Accord, Farm Supply Distribs., Inc. v. State Util. & Transp. Comm'n, 83 Wn.2d 446, 518 P.2d 1237 (1974).
[2] We will presume that the legislature, when it adopted this act to govern collective bargaining by public employees, was aware of existing federal legislation governing private industrial labor relations. It is obvious that it did not find a sufficient similarity between those two types of employees to warrant the adoption of the federal criteria for determining which employees should be permitted to engage in collective bargaining.[4]
[3] In its definition of supervisor, the National Labor Relations Act manifests a concern with the authority which a supervisor exercises over other employees and the possible conflict of interest with management. The Public Employees' Collective Bargaining Act differs in that the concern which it displays is not with the relationship between the employee and other employees, but with the relationship between the employee and the head of the bargaining unit or other official described in the act. It was obviously the legislative judgment that the officials charged with the statutory duty of performing the public service in *930 question should be able to control and to hire and fire at will those employees who are intimately associated with them in carrying out those duties. Because of the confidential relationship, it was evidently the thought that the duties of the office could not be performed properly if the official's relations with these employees were restricted by the necessity of collective bargaining. The importance of the confidential relationship is obvious, for in its absence even the designated employees are not denied the right to engage in collective bargaining.
We find it unnecessary to describe the duties of the employees involved in this proceeding. Suffice it to say that the positions are at the lowest level of supervision in the transit system, that they have daily contact with bus drivers, but no personal contact with the director of Metro Transit. None of their duties necessarily implies or even suggests that a confidential relationship exists between these employees and the head of the unit. It was upon this ground that the director of the Department of Labor and Industries found that they were "public employees" within the meaning of the act and certified the union as their representative. Assuming that any of these positions could be classified as "deputy" as was suggested for the first time in oral argument, they were still not within the statutory exclusion.
The Superior Court evidently misinterpreted prior decisions of the director which were admitted in evidence. Those decisions show that, while the department had erroneously proceeded upon the assumption that supervisors are excluded under the act, it had not lost sight of the fact that, in order to be excluded, a position must involve a confidential relationship with the head of the unit. It is true that the director had not consistently given that factor its required weight, but its relevance was always noted.
We need not decide whether the director would have been bound to follow his prior decisions, had those decisions been consistent with the statutory language. While the statute is expressly designed to achieve uniformity, that *931 uniformity is to be achieved by giving effect to the provisions of the act. The legislative purpose is not achieved by engrafting upon the statute an exception which is not contained within its terms and by perpetuating that error under the banner of stare decisis.
The director's decision to exclude supervisors, as well as deputies, administrative assistants, and secretaries, appears to have had its genesis in the notion that a supervisor is more like an employer than an employee because he exercises authority over other employees. He found a legislative intent to exclude such employees in the language of RCW 41.56.030(1), which reads:
"Public employer" means any officer, board, commission, council, or other person or body acting on behalf of any public body governed by this chapter as designated by RCW 41.56.020, or any subdivision of such public body.
Since a supervisor acts on behalf of the employer, the director reasoned, he must be an employer within the definition. This theory was presented to the United States Supreme Court when it was called upon to interpret the National Labor Relations Act as it existed in 1935, in Packard Motor Car Co. v. National Labor Relations Bd., 330 U.S. 485, 91 L.Ed. 1040, 67 S.Ct. 789 (1947). That act listed no exceptions to the definition of "employee", and the court was asked to declare that a foreman was excepted because he came within the statutory definition of "employer". 49 Stat. § 2(2), at 450 (1935) read: "The term `employer' includes any person acting in the interest of an employer, directly or indirectly ..."
Reading the provision in the context of the act, the court found no room for a construction which would deny the organizational privilege to employees because they act in the interest of the employer. Every employee, the court said, from the very fact of employment in the master's business, is required to act in his interest. The purpose of the act, the court said, was obviously to render employers *932 responsible for any unfair labor practices of any persons performed in their interests.
The Public Employees' Collective Bargaining Act is of the same import. RCW 41.56.100 requires a public employer to engage in collective bargaining with the exclusive bargaining representative.
RCW 41.56.140 lists unfair labor practices of employers as follows:
It shall be an unfair labor practice for a public employer:
(1) To interfere with, restrain, or coerce public employees in the exercise of their rights guaranteed by this chapter;
(2) To control, dominate or interfere with a bargaining representative;
(3) To discriminate against a public employee who has filed an unfair labor practice charge;
(4) To refuse to engage in collective bargaining.
[4] It should be apparent that a mere supervisor is not in a position to bargain collectively or to commit the unfair labor practices enumerated. When the legislature defined an "employer" to include anyone acting on his behalf, it undoubtedly had reference to a person who performs acts which the employer, as such, could perform and which are required or enjoined under the statute. A supervisor in any of the positions involved in this proceeding is not such a person.
We conclude that the Superior Court erroneously reversed the order of the director of Labor and Industries. The judgment is reversed, and the order reinstated.
WRIGHT, C.J., HAMILTON, STAFFORD, UTTER, BRACHTENBACH, DOLLIVER, and HICKS, JJ., and COCHRAN, J. Pro Tem., concur.
NOTES
[1] Prior to 1975, RCW 41.56.060-.080 conferred upon the director of the Department of Labor and Industries the authority and duty to certify bargaining representatives for public employees. An amendment to the Public Employees' Collective Bargaining Act, Laws of 1975, 1st Ex. Sess., ch. 296, p. 1327, transferred those duties to the Public Employment Relations Commission (PERC), which has filed a brief in this appeal, supporting the decision of the director, but offering no endorsement of his interpretation of the statute.
[2] The Congress has defined certain characteristics of a supervisor. National Labor Relations Act, 29 U.S.C. § 152(11) (1971). These characteristics include the authority to:

hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them, or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not of a merely routine or clerical nature, but requires the use of independent judgment.
The director has apparently adopted these criteria (although not by formal promulgation of a rule or regulation).
[3] In contrast, see RCW 19.86.920, where the legislature expresses the intent that, in construing the unfair business practices act, the courts shall be guided by the interpretation given by the federal courts to the various federal statutes dealing with the same or similar matters.
[4] The legislative judgment is also manifested in the State Civil Service Law. Note the exemptions in RCW 41.06.070-.078. Further demonstrating the legislature's recognition of unique characteristics of public employment is the Educational Employment Relations Act, Laws of 1975, 1st Ex. Sess., ch. 288, p. 1227. That act contains a detailed listing of the excepted employees. In addition to administrative officers, confidential employees (both of which are defined for purposes of the chapter), and principals, supervisors are excepted unless they are included in a unit under RCW 41.59.080. Under that section, they are expressly given the right to engage in collective bargaining.