[No. 3486–II. Division Two. January 16, 1980.]

WASHINGTON FEDERATION OF STATE EMPLOYEES, AFL–CIO, *Respondent*, v. WASHINGTON STATE PERSONNEL BOARD, ET AL, *Appellants*.

*Slade Gorton, Attorney General, John G. Hennen* and *Richard G. Heath, Assistants,* for appellants.

*Dean A. Floyd,* for respondent.

*Audrey B. Eide,* amicus curiae.

PETRIE, J.—Plaintiff, Washington Federation of State Employees, AFL–CIO, filed a petition in Superior Court for

Thurston County challenging the validity of a provision of the Washington Administrative Code. The challenged section of the code, WAC 356–42–010(2), effectively denied certain state employees whose positions are not exempt under the civil service law the right to bargain collectively with their employers. The trial court held the provision invalid and permanently enjoined defendant, Washington State Personnel Board, from enforcing WAC 356–42–010(2) which provides:

> The provisions of WAC 356–42–020 through 356–42–050 [implementing the right to bargain collectively] shall not extend to employees with duties as defined under "executive management" and "supervisor" and to individuals regularly privy to confidential matters affecting the employer–employee relationship.

At trial the Washington State Liquor Control Board was permitted to intervene, and on appeal the Washington Public Employees Association was permitted to file a brief as amicus curiae.

Intervenor and defendant contend in their joint appeal that the trial court erred (1) by denying their motion to dismiss "for lack of subject matter jurisdiction", and (2) by holding the Personnel Board had no authority to promulgate WAC 356–42–010(2). We affirm the judgment.

■ The thrust of the "jurisdiction" argument is that RCW 34.04.070 permits a challenge to the validity of an administrative rule only when "the legal rights or privileges of the petitioner" have been impaired or threatened. Intervenor and defendant contend that no rights of the *union* have been threatened or impaired; only the rights of *employees* are affected by the rule. We find that argument specious.

The record reflects that plaintiff union has a membership of approximately 14,000 state employees, some of whom are totally exempt from the state civil service law, RCW 41.06. Most of its members, however, are employees whose employment rights are defined by that law. Additionally,

plaintiff union has legal responsibilities, by reason of having been certified as the exclusive bargaining agent, to represent for collective bargaining purposes in excess of 20,000 state employees. More significantly, the record indicates, and the trial court specifically found, that some of plaintiff's members occupy positions in state government classified under the civil service law as supervisors. That finding is not challenged on appeal. The term "supervisor" is broadly defined in WAC 356–06–010 as follows:

> Any individual having substantial responsibility on behalf of management regularly to participate in the performance of all or most of the following functions: Employ, promote, transfer, suspend, discharge or adjudicate grievances of other employees, if in connection with the foregoing, the exercise of such responsibility is not of a merely routine nature but requires the exercise of independent judgment.

Plaintiff union has obviously filed this petition in its representative capacity on behalf of its members who are adversely affected by the challenged rule. Requiring an individual employee, instead of his bargaining representative, personally to file this type of petition would be contrary to sound labor relations practices. If one of its member's rights are threatened or impaired (and the record so indicates), then to that extent the right of the union to effectively represent that member is also threatened or impaired. We hold that plaintiff union was an appropriate party to file this petition. *See Washington Federation of State Employees, AFL–CIO v. Higher Educ. Personnel Bd.,* 87 Wn.2d 823, 557 P.2d 336 (1976).

Turning to the merits of the appeal, we note that the Personnel Board's contention is simply that it derives its authority to exclude certain employees from collective bargaining units by reason of RCW 41.06.150(10) which provides:

> The board shall adopt rules, consistent with the purposes and provisions of this chapter and with the best standards of personnel administration, regarding the *basis and procedures* to be followed for:

. . .

(10) *Determination of appropriate bargaining units* within any agency: *Provided,* That in making such determination the board shall consider the duties, skills, and working conditions of the employees, the history of collective bargaining by the employees and their bargaining representatives, the extent of organization among the employees, and the desires of the employees;

(Italics ours.)

 This statutory authority is nothing more nor less than a grant of power to the Personnel Board to create appropriate bargaining units for those classified employees for whom the board has statutory responsibilities. It does not mean that the board can prohibit certain types of employees from becoming members of any and all bargaining units. The authority assumed by the board is tantamount to a power to partially exempt those employees from the classified service. The legislature has reserved the power of exemption unto itself. RCW 41.06.070 identifies 21 specific types of employees who are exempted from the civil service law; and section (22) of the same statute creates an additional authority to the Personnel Board, under limited circumstances, to "provide for further exemptions" for a limited number of executive positions. When the board enacted WAC 356–42–010 it was not, and it does not contend that it was, acting under this additional grant of authority.

We can find no legislative intent, expressed or implied, to support the Personnel Board's attempt through rule–making authority to exclude classified employees from all bargaining units. If certain classifications of employees fulfill duties which are sufficiently akin to managerial responsibilities or to a confidential relationship to management so that those employees should be precluded from bargaining collectively with their employers, then the legislature can identify and classify those employees. The Personnel Board's attempted resolution of that problem exceeded its statutory authority. *See Municipality of Metropolitan*

202

*Seattle v. Department of Labor & Indus.*, 88 Wn.2d 925, 568 P.2d 775 (1977).
Judgment affirmed.

REED, C.J., and PEARSON, J., concur.