[No. 6020–5–II.   Division Two.   June 28, 1984.]

DONNA ADAMS, *Respondent,* v. THE DEPARTMENT OF SOCIAL AND HEALTH SERVICES, *Petitioner.*

*Kenneth O. Eikenberry, Attorney General,* and *Laurence D. Briney, Jr., Assistant,* for petitioner.

*Douglas P. Wyckoff,* for respondent.

REED, J.—The Department of Social and Health Services was granted discretionary review of the Superior Court's judgment which deleted from the Washington State Personnel Board's back pay award to Donna Adams the direction that Adams' award be reduced by other income received. We agree with the Superior Court's construction of the applicable statute and affirm.

The Washington State Personnel Board, in an appeal by Donna Adams from the hearing examiner's recommended order of dismissal, determined that Adams had been constructively suspended without pay from her job at Eastern State Hospital for the period commencing January 8, 1980 and ending April 1, 1980, the effective date of her resignation, and ordered her fully reinstated. The Board found that, while she was suspended, she received an undetermined amount of unemployment compensation and earned an undetermined amount of income from another job which she accepted in late March. Adams was ordered reinstated "with all employee rights and benefits including back pay, subject to set–off for any money earned and excluding the period from February 17, 1980 through March 7, 1980 while [Adams] was out of State." Adams appealed the setoff[1] to Thurston County Superior Court. Finding an error of law, the court ordered the setoff deleted. We granted the Department's request for discretionary review.

■ This court reviews a decision of the Personnel Board de novo on the record made at the Board level, applying the same standard of review as the superior court. *Trucano v. Department of Labor & Indus.,* 36 Wn. App. 758, 677 P.2d 770 (1984); *Wahler v. Department of Social & Health Servs.,* 20 Wn. App. 571, 582 P.2d 534 (1978). The Superior Court applied the error of law standard. RCW 41.64-

---

[1]The exclusion of February 17 to March 7 was not appealed and is not at issue here.

.130(1)(a).[2] When an appeal is from the ruling of an administrative agency which entered findings of fact and conclusions of law, findings and conclusions by the superior court are not necessary. *King Cy. Water Dist. 54 v. King Cy. Boundary Review Bd.,* 87 Wn.2d 536, 554 P.2d 1060 (1976). The findings and conclusions entered by the Thurston County judge in this case are superfluous. We must determine whether the setoff contained in the Board's order was erroneous as a matter of law.

The sole issue raised by this appeal is the meaning of "back pay" as used in RCW 41.06.220(2). This statute provides:

> Any employee, when fully reinstated after appeal, shall be guaranteed *all* employee rights and benefits, including *back pay,* sick leave, vacation accrual, retirement and OASDI credits.

(Italics ours.) The administrative regulation based on this statute, WAC 356–34–250, contains identical language.

The Department, relying upon the common law principle of mitigation of damages, also known as the avoidable consequences rule, argues that "back pay" includes a net loss concept so that any money actually earned[3] by the employee is deducted in arriving at the amount of the back pay award. It cites *State ex rel. West v. Seattle,* 61 Wn.2d 658, 379 P.2d 925 (1963) and *Osterlof v. UW,* 17 Wn. App. 621, 564 P.2d 814 (1977) as authority. Donna Adams coun-

---

[2]RCW 41.64.130(1)(a) provides:

"Within thirty days after the recording of the order and the mailing thereof, the employee may appeal the decision and order of the board on appeals made pursuant to RCW 41.06.170(2), as now or hereafter amended, to the superior court of Thurston county on one or more of the grounds that the order was:

"(a) Founded on or contained an error of law, which shall specifically include error in construction or application of any pertinent rules or regulations;"

[3]In spite of the fact that application of the mitigation rule would require a reduction of damages for money which could have been earned by reasonable effort, as well as money actually earned, *see Tennant v. Lawton,* 26 Wn. App. 701, 615 P.2d 1305 (1980); D. Dobbs, *Remedies* § 3.7 (1973), the Department maintained at oral argument that it sought reduction of a back pay award only for money actually earned.

ters with the arguments that the term "back pay" is unambiguous and had the Legislature intended a setoff it could have said so explicitly.

The following rules of statutory construction apply. The goal of statutory construction is to give effect to legislative intent whether the legislation was enacted by the Legislature, or as here, directly by the people.[4] *In re Estate of Olson,* 87 Wn.2d 855, 557 P.2d 302 (1976). An unambiguous statute is not subject to construction, and the court may not add language to a clear statute even if it believes the Legislature intended something else but failed to express it adequately. *Vita Food Prods., Inc. v. State,* 91 Wn.2d 132, 587 P.2d 535 (1978). Ambiguous means uncertain or susceptible to more than one meaning. *Harding v. Warren,* 30 Wn. App. 848, 639 P.2d 750 (1982). If a statute is unambiguous, there is no need to look to administrative action as an aid to interpretation. *Municipality of Metro Seattle v. Department of Labor & Indus.,* 88 Wn.2d 925, 568 P.2d 775 (1977). It is for the court to determine the purpose and meaning of statutes even when the court's interpretation is contrary to that of the agency charged with carrying out the law. *Overton v. Economic Assistance Auth.,* 96 Wn.2d 552, 637 P.2d 652 (1981).

"Back pay" in RCW 41.06.220(2) is clear and unambiguous. In order to reach the result urged by the Department, we would have to read into the statute language which is not there. This we cannot do. *See Vita Food Prods., Inc. v. State, supra.* We hold that in RCW 41.06-.220(2) "back pay" means all salary the employee would have received from the State during the period of wrongful suspension or discharge, without setoff. The contrary interpretation of similar provisions in other laws referred to in *State ex rel. West v. Seattle, supra,* and *Osterlof v. UW, supra,* the cases cited to us by the Department, is purely

---

[4]The people passed and the Governor approved Initiative measure 207, the State Civil Service Law now codified as RCW 41.06, in November 1960.

dicta and of no precedential value.[5]

Having determined that the setoff ordered by the Board was erroneous as a matter of law, we affirm the Superior Court's judgment deleting the setoff.

WORSWICK, A.C.J., and PETRIE, J., concur.

---

[5]Several states specifically provide for setoff or mitigation in their statutes. *See, e.g.,* Cal. Gov't Code § 19584 (West Supp. 1984); N.Y. Civ. Serv. Law § 76 (McKinney 1983).