[No. 2807–3.   Division Three.   July 10, 1979.]

DAVID BENNETT, ET AL, *Appellants,* v. BOARD OF ADJUSTMENT OF BENTON COUNTY, ET AL, *Respondents.*

*Critchlow, Williams, Ryals & Schuster* and *Rembert Ryals*, for appellants.

*Curtis Ludwig, Prosecuting Attorney, Westland, Sonderman & Egan,* and *Carl G. Sonderman,* for respondents.

MUNSON, J.—We hold that the record of a proceeding from which a writ of review is taken to a court of record must be in writing to effect a proper review.

The Benton County Board of Adjustment (Board) issued a special use permit to John Thom to operate a mobile home park. Prior to issuance of the permit, the Board held three public hearings recorded on tape. Appellants sought, by writ of certiorari, review of the Board's action granting the permit. The trial court, in granting the writ, denied plaintiffs' request for transcription of the tapes. The Board submitted the following evidence to the court: (1) an environmental impact statement, (2) findings of fact by the Board, (3) minutes of the three public hearings, and (4) three cassette tape recordings containing 6 hours of testimony. After listening to the tapes and considering the documentation before it, the court upheld the Board's issuance of the special use permit. Plaintiffs appeal. This court on its own motion bifurcated the issues on appeal.

The sole issue here is whether the trial court erred in refusing to order the Board to transcribe tapes of the three public hearings. The property owners contend that when a

decision of the Board is appealed to superior court that the Board is required to transcribe and provide the reviewing trial court with a verbatim written record of the Board's proceedings. The Board concedes that a verbatim record is necessary, but urges that tape recordings constitute such a record.

■ RCW 7.16.070, relating to the contents of a writ of certiorari, can only be read to require a written record:

> The writ of review must command the party to whom it is directed to certify fully to the court issuing the writ, . . . *a transcript of the record and proceedings* . . . that the same may be reviewed by the court, . . .

(Italics ours.) *See Beach v. Board of Adjustment,* 73 Wn.2d 343, 438 P.2d 617 (1968); *South Capitol Neighborhood Ass'n v. Olympia,* 23 Wn. App. 260, 595 P.2d 58 (1979).

*Webster's Third New International Dictionary* 2426 (1969) defines a "transcript" as "a written or printed copy" usually a "typewritten copy of dictated or recorded matter." A verbatim record is a transcribed, typewritten record. *South Capitol Neighborhood Ass'n v. Olympia, supra.*

The courts have consistently emphasized the necessity for a complete record, particularly where, as here, the action is adjudicatory in nature. *Parkridge v. Seattle,* 89 Wn.2d 454, 463–64, 573 P.2d 359 (1978); *Byers v. Board of Clallam County Comm'rs,* 84 Wn.2d 796, 529 P.2d 823 (1974); *Barrie v. Kitsap County,* 84 Wn.2d 579, 527 P.2d 1377 (1974); *Loveless v. Yantis,* 82 Wn.2d 754, 513 P.2d 1023 (1973). In order to satisfy the requirements for review by a court of record, a written transcript of the proceedings must be submitted.[1] Such a written transcript may be a verbatim report, RAP 9.2, a narrative report, RAP 9.3, or

---

[1] We sympathize with the trial judge in ruling upon Bennett's motion for transcript when he stated:

I never heard of a hearing yet that wasn't full of 80 percent garbage on many, many unrelated matters, and you know, there are no rules of evidence, and everybody says everything, even worse than a courtroom for that matter, and having all that transcripted [*sic*] is—It just doesn't make any sense. People were talking about all kinds of extraneous things, and as I told them over in Pasco last Friday, that is the problem.

an agreed report of proceedings, RAP 9.4. The rules on appeal anticipate that a verbatim report of proceedings will be typewritten as denoted by the form generally required, which includes indexing (RAP 9.2(e)), size of page, number of lines per page, spacing, size of type (RAP 9.2(f)) and references to the record in the briefs (RAP 10.3(a)(4)). Tape recordings obviously do not fulfill these requirements. Here since the remaining issue on appeal is sufficiency of the evidence, it would appear that a verbatim report of proceedings will be necessary.

■ Although we find that a transcript by definition is a written record, we believe in this case the requirements for review at the superior court level have been satisfied: the trial judge listened to the entire 6 hours of tape recordings, considered the oral arguments and authorities of counsel and found that the Board had not been arbitrary and capricious. We need not remand for that court's reconsideration of this matter on a written record.

Consistent with *Portage Bay–Roanoke Park Community Council v. Shorelines Hearings Bd.*, 92 Wn.2d 1, 593 P.2d 151 (1979), the costs of transcription are borne by the party taking the appeal, *i.e.*, the appellant. *See also* RAP 9.2. The prevailing party is of course entitled to the costs in the preparation of the transcript. RCW 4.84.030; RCW 4.88-.260; RAP 14.3.

This matter is remanded for transcription of the Board hearings; if counsel desire to supplement briefs on the

---

The thing I wanted to avoid was the need to transcribe all that, you know, literally junk that is in there. I am sure I don't mean the whole thing actually, but there is bound to be a lot of junk in the transcript as well as the meat of it on that kind of a proceeding where every neighbor gets up and says his piece. . . . You are going to get everything under the sun, and I really don't think the county ought to be put to that burden.

He also noted a recent Franklin County hearing which included 40 hours of tape recordings. We disagree with the court's statement: "They [the court of appeals] might as well sit and listen to six hours instead of read the transcripts that take six hours to read." First, it does not take 6 hours to read a written transcription of 6 hours of recordings. Second, the volume of business before this court does not permit us the luxury of listening to recordings of verbatim testimony.

remaining issue, an appropriate request should be made. Unless such a request is received, this matter will be set for oral argument upon receipt of the written report of proceedings.

GREEN, C.J., and ROE, J., concur.