[Nos. 3927–II; 4426–II;     Division Two.      August 5, 1980.]
4330–II.

LEONARD J. ZOUTENDYK, *Respondent,* v. WASHINGTON
STATE PATROL, ET AL, *Appellants.*

LEONARD J. ZOUTENDYK, *Appellant,* v. WASHINGTON
STATE PATROL, *Respondent.*

RUTH PALMER, ET AL, *Respondents,* v. WASHINGTON
STATE PERSONNEL BOARD, *Appellant.*

*Slade Gorton, Attorney General,* and *Richard A. Heath* and *Kevin M. Ryan, Assistants,* for Washington State Patrol and State Personnel Board.

*Clifford F. Cordes III,* for Zoutendyk.

*Slade Gorton, Attorney General,* and *Thomas F. Carr, Assistant,* amici curiae.

PETRIE, A.C.J.—The common issue in these consolidated appeals is whether or not a state employee who seeks court review of an adverse decision of the Washington State Personnel Board is required to pay the cost of transcribing a record of the Board proceedings as a prerequisite to court review. We hold that the appealing employee is not required to pay for that record either initially as a prerequisite in order to perfect his appeal or ultimately even if he does not prevail in court.

The facts in the case presented by Leonard J. Zoutendyk are typical of the other employees who also raise this issue. Accordingly, we will treat his appeal as representative of all nine appealing employees.

Mr. Zoutendyk was dismissed from his employment as a

communications officer of the Washington State Patrol by the chief of the Patrol in January 1977 for an alleged willful violation of a published Patrol rule. Following his appeal to the Board, a hearing examiner substituted a 3–day suspension for the dismissal. The Patrol appealed the examiner's ruling to the Board. In May 1978 the Board, after receiving additional evidence and listening to the taped testimony taken before the hearing examiner, reinstated the order of dismissal.

Mr. Zoutendyk filed a notice of appeal to Superior Court for Thurston County. By letter dated October 31, the Board notified Mr. Zoutendyk that the record had not been prepared because "the Department of Personnel has not yet received a request for a transcript." The letter quoted the provisions of RCW 41.06.180[1] and advised counsel as follows:

> Since your client appealed the affirmance of the disciplinary action taken against him by the Washington State Patrol, the above statute requires him to bear the initial burden of the cost of the transcript. Therefore, please make arrangements with the Department of Personnel for payment of the cost of the transcript. Transcription cannot begin until such arrangements are made.

When the Board refused to certify the transcript to Superior Court, Mr. Zoutendyk filed an application for writ of mandamus, supported by an affidavit of the director of negotiations, Washington Federation of State Employees, Council 28, American Federation of State, County and Municipal Employees, AFL–CIO, requesting the court to direct the Board "to arrange for and transmit to the court a

---

[1]RCW 41.06.180 provides in pertinent part: "The board shall prepare an official record of the hearing, including all testimony, recorded manually or by mechanical device, and exhibits; but it shall not be required to transcribe such record unless requested by the employee, who shall be furnished with a complete transcript upon payment of a reasonable charge therefor. Payment of the cost of a transcript used on appeal shall await determination of the appeal, and shall be made by the employing agency if the employee prevails."

certified transcript, with exhibits, of the hearings in this matter, as required by RCW 41.06.200."[2]

On February 5, 1979 the court issued its mandate (1) commanding the Board to transmit a certified transcript of all hearings and matters before the Board and (2) directing Mr. Zoutendyk to post a cost bond in an amount sufficient to cover the estimated costs of transcribing the record. The Board sought review in this court and asked us to issue a stay order. On June 1, by commissioner's order, discretionary review was granted, the stay was denied, and this court retained jurisdiction despite the apparent mootness occasioned by the denial of the stay. Mr. Zoutendyk filed a motion to transfer the cause to the Supreme Court, but that motion was denied on January 4, 1980.

In the meantime, the transcript was certified, and after a hearing, the trial court entered an order (1) affirming Mr. Zoutendyk's dismissal and (2) directing him to pay the costs of preparing the transcript of proceedings before the Board. Mr. Zoutendyk appealed that order to this court.

We affirm his dismissal;[3] but we reverse the order directing him (and the other appealing employees) to post a cost bond and the order directing him to pay the cost of preparing the transcript.

As already indicated, the dispute as to payment of the cost of transcribing the hearings before the Board requires us to interpret two statutes which have remained virtually unchanged since the state civil service law, Initiative 207,

---

[2]RCW 41.06.200(3) provides:

"Within thirty days after service of such notice, or within such further time as the court may allow, the board shall transmit to the court a certified transcript, with exhibits, of the hearing; but by stipulation between the employing agency and the employee the transcript may be shortened, and either party unreasonably refusing to stipulate to such limitation may be ordered by the court to pay the additional cost involved. The court may require or permit subsequent corrections or additions to the transcript."

[3]We reach the merits of Mr. Zoutendyk's appeal; but the appeals of the other eight employees remain in various stages of preparation at the superior court level.

was approved by the voters of this state in November 1960. Our task is somewhat simplified, however, by resort to a recent opinion of the Supreme Court. In *Portage Bay–Roanoke Park Comm. Council v. Shorelines Hearings Bd.,* 92 Wn.2d 1, 593 P.2d 151 (1979), the court held that a party who paid for a transcript of the proceedings of the Shorelines Hearings Board, and who did not prevail on his appeal to court from a decision of that board, could not recoup his transcription costs from that board. The ultimate holding in *Portage Bay* is not as significant as some of the court's reasoning expressed to reach the result. The court first noted Shorelines Hearings Board's assertion that it was analogous to a superior court for purposes of ascertaining who had the obligation to pay the cost of preparing a written transcript of that board's record. The court recognized the aptness of that analogy and then declared that in the absence of statutory language authorizing the Board to pay the cost of transcription, such cost was the responsibility of the parties who appeared before the Board.

██ In the case at bench, the Personnel Board points to RCW 41.06.180 which specifically states that the Board

shall not be required to transcribe such record unless requested by the employee, who shall be furnished with a complete transcript *upon payment of a reasonable charge therefor.*

(Italics ours.)

We note parenthetically that the court in *Portage Bay* chose to ignore, or at least not to rely upon, a somewhat similar statute in the administrative procedures act.[4]

We view the quoted portions of RCW 41.06.180 as merely providing a contesting employee an opportunity, if he

---

[4]RCW 34.04.090(5) provides:

"Oral proceedings shall be transcribed for the purposes of agency decision pursuant to RCW 34.04.110, [a procedure directing the deciding administrative officers who have not heard or read the evidence to "personally consider" the record] as now or hereafter amended, rehearing, or court review. A copy of the record or any part thereof shall be transcribed and furnished to any party to the hearing upon request therefor and payment of the reasonable costs thereof."

chooses to pay for a written record, to review the proceedings in detail either before or after the cause is presented to the Board members for their disposition or reconsideration. Certainly, any transcribed record furnished to an employee at his or her expense can be utilized by that employee in any manner he or she chooses. Nevertheless, the employee could not use *it* to perform the statutory duty of the Board, *i.e.*, to

> transmit to the court a certified transcript, with exhibits, of the hearing; . . .

RCW 41.06.200(3).

The unique statutory provision of the civil service law which, for purposes of this appeal, distinguishes it from the administrative procedures act, is the last sentence of RCW 41.06.180 which provides:

> Payment of the cost of a transcript *used on appeal* shall await determination of the appeal, and shall be made by the employing agency if the employee prevails.

(Italics ours.)

Clearly, that portion of the statute absolves the appealing employee from having to pay the cost of a transcript *prior* to "determination of the appeal." It follows therefore that, at least initially, the Board must bear the cost of transcribing the record in order to perform its statutory duty. That cost is simply an "operations" cost, as is the cost of preparing the record "manually or by mechanical device." Those costs of operation are specifically provided for by statute. RCW 41.06.280.

What is the statutory scheme for payment of the cost *after* the appeal has been determined? Again, the statutory mandate is clear. The payment of the cost "shall be made by the employing agency if the employee prevails." What happens if the employee (as in the case at bench) does not prevail? Again, the statutory scheme (by its resounding silence) is clear. The entity which bore the initial cost cannot recoup that cost. So long as the ingenious scrivener who drafted Initiative 207 chose to provide a limited recoup-

ment authorization, which the voters accepted and subsequent legislatures failed to amend, the statutory scheme, although speaking to the issue generally, does not require the nonprevailing employee to pay the cost of transcribing the *transcript used on appeal.*

Finally, we turn to Mr. Zoutendyk's appeal from the order affirming his dismissal from employment. He asserts (1) that the record is insufficient to support the Board's determinations that he willfully refused to obey an order of his superior, that his actions were based on unreasonable fears, and that he was insubordinate and violated agency rules; (2) that the Board improperly permitted the Patrol to introduce documents containing hearsay evidence indicating Mr. Zoutendyk had previously received counseling because of his attitude and behavior at work; and (3) that the Board's affirmance of the dismissal (as opposed to the 3-day suspension imposed by the hearing examiner) was arbitrary and capricious.

■ We accept as the standard for appellate review the declaration of the majority of the department of the court in *Gogerty v. Department of Institutions,* 71 Wn.2d 1, 426 P.2d 476 (1967), *i.e.,* that the Board's findings of fact on disputed issues carry into court a prima facie presumption of correctness and that such presumption can only be overcome by a demonstration that the competent evidence adduced before the Board actually, factually, and substantially preponderated *against* the Board's findings. To the same effect is *Kallas v. Department of Motor Vehicles,* 88 Wn.2d 354, 560 P.2d 709 (1977).

Each level of the judiciary actually reviews administrative decisions in an appellate capacity. Just as the court review test prescribed by the administrative procedures act applies equally to trial courts and to appellate courts, *Farm Supply Distribs., Inc. v. Utilities & Transp. Comm'n,* 83 Wn.2d 446, 518 P.2d 1237 (1974), so also does the court review test prescribed by the civil service law apply equally to trial courts and appellate courts. *Wahler v. Department*

*of Social & Health Servs.,* 20 Wn. App. 571, 582 P.2d 534 (1978).

Applying the foregoing standard, we find ample competent evidence in the record to support the Board's detailed findings as to precisely what occurred on January 26, 1977. Those findings support the Board's ultimate conclusion that Mr. Zoutendyk willfully violated published rules of the Washington State Patrol.

Next, we consider Mr. Zoutendyk's contentions that the Board improperly entertained documents containing hearsay evidence and that it acted arbitrarily and capriciously by imposing the sanction of dismissal instead of the 3–day suspension recommended by the hearing examiner.

■ The challenged documents demonstrated to the Board that, consistent with the letter of dismissal from the chief of the Patrol, Mr. Zoutendyk had previously been counseled because of his attitude and behavior. They were not admitted for the truth of the assertions contained in those documents. Accordingly, there can be no valid objection to their admission on the ground they contained hearsay evidence. *State v. Murphy,* 7 Wn. App. 505, 500 P.2d 1276 (1972).

■ Arbitrary and capricious action has been defined as willful and unreasoning action, without consideration and in disregard of facts and circumstances. Where there is room for two opinions, action is not arbitrary and capricious even though one may believe an erroneous conclusion has been reached. *State v. Rowe,* 93 Wn.2d 277, 609 P.2d 1348 (1980). Measured by that test, we cannot conclude that the Board's ultimate conclusion constituted arbitrary and capricious action.

Judgment affirming Mr. Zoutendyk's dismissal is affirmed; orders on mandamus directing him and the other appealing employees to post a cost bond are reversed; and the order directing him to pay the cost of transcribing the record used on appeal is reversed.

PETRICH, J., and JOHNSON, J. Pro Tem., concur.

Reconsideration denied October 21, 1980.

Review granted by Supreme Court December 19, 1980.