[No. 47410-9.   En Banc.   June 4, 1981.]

LEONARD J. ZOUTENDYK, *Respondent,* v. WASHINGTON STATE PATROL, *Appellant,* WASHINGTON STATE PERSONNEL BOARD, *Petitioner.*

LEONARD J. ZOUTENDYK, *Respondent,* v. WASHINGTON STATE PATROL, *Appellant.*

RUTH PALMER, ET AL, *Respondents,* v. WASHINGTON STATE PERSONNEL BOARD, *Petitioner.*

694

*Kenneth O. Eikenberry, Attorney General,* and *Richard A. Heath, Assistant,* for petitioner.

*Clifford F. Cordes III* (of *Cordes, Cordes & Younglove*), for respondents.

*Kenneth O. Eikenberry, Attorney General,* and *Thomas F. Carr, Assistant,* amici curiae for petitioner.

DIMMICK, J.—At issue is whether a state employee who seeks court review of an adverse decision by the Washington State Personnel Board (Board) is required to pay the costs of a transcript, either as a prerequisite to court review or as a taxable cost if he/she does not prevail on appeal. The consolidated cases of nine employees have been accepted by our court solely for the determination of that common issue.

In each case some disciplinary action was taken against a state employee by his/her employing agency. The employee appealed to the Board pursuant to RCW 41.06.170(2) and

the Board affirmed the decision of the employing agency. Each employee then appealed the Board's decision to the Thurston County Superior Court. RCW 41.06.200. Writs of mandamus were sought in the Superior Court when the Board failed to prepare a transcript without prepayment.[1] The court issued the writs but required the posting of a bond in an amount estimated to cover the costs of transcribing the record. While that issue was before the Court of Appeals, Division Two, on discretionary review, Zoutendyk failed to prevail on the merits of his case and the Superior Court directed him to pay the costs of the transcription. Zoutendyk also appealed that decision. The Court of Appeals in *Zoutendyk v. Washington State Patrol*, 27 Wn. App. 65, 616 P.2d 674 (1980), held that the appealing employee is not required to pay for that record either initially as a prerequisite in order to perfect his/her appeal, or ultimately, even if he/she does not prevail in court. We affirm.

A brief history of state employment is helpful in our analysis. Prior to 1960, with each change of administration and political party in power, wholesale firing of state employees was a common practice. In 1960, Initiative 207 was sponsored by various employee groups in hopes of curbing that practice. It provides a review board paid for by the State whereby employees can have their grievances heard.[2] The voters adopted the initiative in November of 1960 and it became effective as the State Civil Service Law in 1961. The stated purpose of that law was

> to establish for the state a system of personnel administration based on merit principles and scientific methods governing the appointment, promotion, transfer, layoff,

---

[1]The Board was willing to transmit the record of proceedings, as it then existed, which consisted of tape recordings and untranscribed court reporter's notes. Division Three of the Court of Appeals in *Bennett v. Board of Adjustment*, 23 Wn. App. 698, 597 P.2d 939 (1979), held that a transcript of the record of proceedings being reviewed must be in writing; untranscribed tape recordings are insufficient. We agree.

[2]Official Voters Pamphlet 10–11, 21–26 (1960).

recruitment, retention, classification and pay plan, removal, discipline and welfare of its civil employees, and other incidents of state employment. . . .

RCW 41.06.010.

The act provides for a review from a decision by an employer. The Board is an expense of the State, a fund is provided by RCW 41.06.280.

The sections we are here to interpret are RCW 41.06.180 and .200(3). RCW 41.06.180 reads in relevant part:

The board shall prepare an official record of the hearing, including all testimony, recorded manually or by mechanical device, and exhibits; but it shall not be required to transcribe such record unless requested by the employee, who shall be furnished with a complete transcript upon payment of a reasonable charge therefor. Payment of the cost of a transcript used on appeal shall await determination of the appeal, and shall be made by the employing agency if the employee prevails.

RCW 41.06.200(3) states:

(3) Within thirty days after service of such notice, or within such further time as the court may allow, the board shall transmit to the court a certified transcript, with exhibits, of the hearing . . .

■ RCW 41.06.180 requires the Board to keep a record. It is not required to transcribe such record unless requested by the employee (employer has no right to appeal) and if the employee wants a transcript, he/she may pay a *reasonable* charge therefor. The employee may use the transcript for whatever purpose he/she desires. A transcript thus mentioned, is not the same thing as a *certified* transcript which is necessary to be used on appeal, and is mentioned in RCW 41.06.200(3). Section .180 further indicates that if a transcript is used on appeal, the cost shall await determination of the appeal. We must presume that means *actual* cost, as opposed to reasonable cost, and the last section indicates that the payment of the cost shall be made by the employing agency, if the employee prevails.

The Board contends that under RCW 41.06.180 and .200(3), it is under no duty to prepare the transcript unless

the employee requests it and pays for the cost of transcription. The employees disagree and argue that the last sentence of RCW 41.06.180 absolves them of having to pay the transcript cost prior to the "determination of the appeal" and instead makes the Board initially bear the cost. The Court of Appeals adopted this position in its decision in the instant case. *Zoutendyk v. Washington State Patrol, supra.*

We agree that RCW 41.06.180 does indicate that the Board initially must bear the cost of transcription. It reads in part: "The board shall prepare an official record of the hearing . . . Payment of the cost of a transcript used on appeal shall await determination of the appeal". Further support is found in RCW 41.06.200(3) wherein the duties of the Board are outlined. The Board "shall transmit to the court a certified transcript" 30 days after notice of appeal.

As to the ultimate responsibility for the cost of appeal, the last sentence of RCW 41.06.180 expressly states that if the employee prevails on appeal, the employer is responsible for the cost of transcription. The Board contends that if the employee loses, the appealing employee and not the Board is responsible for the cost. There is no such language in the statute supporting the Board's contention. Rather, the entire theory of the act is that the employees will have available to them a board of appeal, paid for by the State and as a cost of doing business the Board must transcribe the record when requested. The Board may recoup its cost from the employer if the employer is not upheld. It is simply a question of taking funds from one state agency's budget and reimbursing another state agency.[3]

---

[3]The only mention of an employee being required to pay is set out in RCW 41.06.200(3) as follows:

> but by stipulation between the employing agency and the employee the transcript may be shortened, and either party unreasonably refusing to stipulate to such limitation may be ordered by the court to pay the additional cost involved.

This provides a welcome opportunity for the parties to cut down costs. Another method would be for the Board to use tapes which can be transcribed in their office rather than use court reporters to record and transcribe testimony.

Finally, the Board argues that our decision in *Portage Bay–Roanoke Park Community Council v. Shorelines Hearings Bd.*, 92 Wn.2d 1, 593 P.2d 151 (1979), is controlling. That case involved the Shorelines Hearings Board. In that case we held that the duties of the Shorelines Hearings Board were somewhat analogous to that of the superior court in that the Shorelines Hearings Board functions in a quasi–judicial manner. RCW 34.04.130 also allowed any person aggrieved by a final decision in a contested case a judicial review. That act was silent as to who pays for a certified copy of the record. We held that although a superior court certifies its record to the appellate court, the costs of preparation of that record are borne by the party taking the appeal. *Portage Bay–Roanoke Park Community Council v. Shorelines Hearings Bd., supra. See also Benavides v. Civil Serv. Comm'n*, 26 Wn. App. 531, 613 P.2d 807 (1980).

We find *Portage Bay* inapposite to the present case. Our decision in *Portage Bay* is premised on the fact that the Shorelines Hearings Board is analogous to a superior court. The State Personnel Board, however, has been described as a nonjudicial body even though in reviewing employee dismissals, it holds hearings, gathers evidence, and issues findings, conclusions and orders. *State ex rel. Hood v. State Personnel Bd.*, 82 Wn.2d 396, 511 P.2d 52 (1973). Even more persuasive in this case, the statute clearly sets out who is to pay and when.

Affirmed.

BRACHTENBACH, C.J., and ROSELLINI, STAFFORD, UTTER, DOLLIVER, HICKS, WILLIAMS, and DORE, JJ., concur.