[No. 6369–7–II.   Division Two.   February 29, 1984.]

EUGENE B. TRUCANO, *Appellant,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Respondent.*

*Thomas J. Kraft,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Thornton A. Wilson, Assistant,* for respondent.

REED, J.—Eugene Trucano appeals the Superior Court's affirmance of the Department of Labor and Industries' termination of his employment on grounds of inefficiency.

Mr. Trucano was hired as an industrial hygienist in 1973 by the Department of Labor and Industries. Industrial hygienists are assigned to inspect workplaces to determine if they meet state standards governing employee exposure to hazardous conditions such as noise, toxic gases, and chemicals. The Department dismissed Mr. Trucano for inefficiency in August 1978, because of his lack of productivity: during his employment he performed on average only 40 to 50 percent of the inspections done by all other hygienists. Despite employee evaluations and counseling by his supervisors, Mr. Trucano's rate of inspections actually declined to the point where he performed slightly in excess of one inspection per month while other hygienists averaged three or more. The primary reason for Mr. Trucano's lack of productivity was the excessive length and thorough-

ness of his reports, which occupied him in writing them to the extent that he was able to perform comparatively few inspections. He also persisted in doing consulting work, which was not one of his responsibilities.

Mr. Trucano appealed his dismissal to the Personnel Board, whose hearings officer found that he had been inefficient but recommended a reduction in the sanction to a 10–day suspension. He did not appeal the finding of inefficiency, but the Department appealed the reduced sanction to the full Personnel Board, which rejected the reduction in penalty and affirmed Mr. Trucano's dismissal by order of September 11, 1979. On his appeal to superior court, the dismissal was again affirmed.

Our review of the Personnel Board's decision comes under RCW 41.06.200(1), recodified effective May 19, 1981 as RCW 41.64.130(1). Mr. Trucano has appealed on the basis of two of the grounds allowed by that statute: (1)(b)— "Contrary to a preponderance of the evidence as disclosed by the entire record with respect to any specified finding or findings of fact", and (1)(e)— "Arbitrary or capricious."

▆ Mr. Trucano argues that the Personnel Board's finding of inefficiency on his part is not supported by the evidence. For the reasons which follow, however, our review must be limited to considering whether the Board's action was arbitrary or capricious.

The Personnel Board is charged with hearing appeals from agency dismissal of employees. RCW 41.06.150.[1] One of the grounds for dismissal is inefficiency. WAC 356–34–010(2). On appeal from an agency's disciplinary action, including dismissal, the employee receives a hearing before the Board or, as in this case, a hearings officer. The officer enters findings of fact, conclusions of law, and a proposed order. WAC 356–34–085(2) provides that any party adversely affected by the hearings officer's recommended decision has 30 days to file a notice of appeal to the full

[1]Since May 19, 1981, such appeals have been taken to the Personnel Appeals Board under the procedure in RCW 41.64.

Board.[2] The notice shall set forth any specific exceptions to the recommended decision and any other contentions to be considered by the Board. If no such appeal is filed, the recommended decision becomes final. Under WAC 356–34–085(3), hearings on appeal to the full Board are limited to the contentions set forth in the notice of appeal.

In this case, it was the Department and not Mr. Trucano who appealed the recommended decision to the full Board. He could have appealed the hearings officer's determination of his inefficiency, but did not. Even on appeal to this court, he has not assigned error to any specified finding of fact, as required by former RCW 41.06-.200(1)(b) and by 41.64.130(1)(b). Because this court reviews the Board's decision de novo on the record made at the Board level, *Wahler v. Department of Social & Health Servs.*, 20 Wn. App. 571, 576, 582 P.2d 534 (1978), our review is limited to those issues properly before the Board. The issue of whether the evidence showed Mr. Trucano to be inefficient, as found by the hearings officer, was not properly before the Board or necessary to its decision; only the question of the appropriateness of the recommended sanction was. Hence, the present efforts of both parties to rehash the record in light of the preponderance of the evidence standard is to no avail. *Cf. Homemakers Upjohn v. Russell*, 33 Wn. App. 777, 658 P.2d 27 (1983) (where Department of Labor and Industries filed a factual appeal to the Board of Industrial Insurance Appeals from a hearing examiner's proposed order but the employer did not appeal, employer waived its right to seek judicial review of the Board's decision). Our review must be confined to whether the Board acted arbitrarily or capriciously in opting for dismissal instead of the lesser sanction of suspension.

Arbitrary or capricious action on the part of the Personnel Board is willful and unreasoning action, without con-

---

[2]*Cf.* WAC 358–30–070(2), establishing a similar procedure under the subsequent statute, RCW 41.64.

sideration and in disregard of facts and circumstances. *Zoutendyk v. State Patrol,* 27 Wn. App. 65, 616 P.2d 674 (1980), *aff'd,* 95 Wn.2d 693, 628 P.2d 1308 (1981). Where there is room for two opinions, action is not arbitrary or capricious when exercised honestly upon due consideration, even though one may believe the conclusion was erroneous. *DuPont–Ft. Lewis Sch. Dist. 7 v. Bruno,* 79 Wn.2d 736, 489 P.2d 171 (1971). Applying this demanding standard, we cannot find that the Board's dismissal of Mr. Trucano was arbitrary or capricious. The record shows that his production—although of generally good quality—was noticeably lower than that of other hygienists in comparable positions and that the efforts of his supervisors to correct the problem were unsuccessful, as in *Zoutendyk.* Like the Superior Court, although we cannot say we would have taken the Board's position, neither can we find that its action was arbitrary or capricious.

Judgment affirmed.

WORSWICK, A.C.J., and PETRIE, J., concur.