[No. 5356–3–III.   Division Three.   March 29, 1984.]

KENNETH SIDE, *Respondent,* v. THE CITY OF CHENEY, ET AL, *Appellants.*

*Steven C. Miller, City Attorney,* for appellants.

*Gregory G. Staeheli* and *Kain & Snow,* for respondent.

MCINTURFF, J.—The City of Cheney appeals a Superior Court judgment reversing a Civil Service Commission decision. The Commission had rejected Police Officer Ken Side's contention he lost a promotion due to political reasons. We reverse the Superior Court and reinstate the Commission's decision.

In June 1981, a vacancy for the position of sergeant occurred in the Cheney Police Department. Cheney Police Officer Ken Side was first on the Civil Service promotion list for the position of sergeant. Alan Bremner and Terry Rockey, also Cheney police officers, occupied the second and third positions, respectively. On the recommendation of Police Chief Jerome Gardner, Cheney Mayor William T. Trulove appointed Terry Rockey to the sergeant position. Ken Side filed a petition with the Civil Service Commission protesting this appointment. He contended he had been passed over because prior to the appointment he had filed for election to the position of mayor opposing Mayor Trulove.

At the hearing on the petition, Chief Gardner stated his decision to recommend Officer Rockey was made before he knew Ken Side intended to file for the mayor's position and was based on Officer Rockey's leadership abilities. Mayor Trulove also said his determination to appoint Terry Rockey sergeant was made before Officer Side filed, and the filing had no effect on that decision.

Officer Side testified that when he filed for the mayor's position, the Chief told him he could not understand why he had done it because he had been a "shoo–in" for the sergeant position. Alan Bremner and Sally Tokarsyck, an officer's wife, indicated the Chief made similar statements to them. Chief Gardner admitted the statements, but explained he saw Officer Side's filing as a way of avoiding a confrontation over the fact he wanted Terry Rockey

appointed sergeant. He also admitted he had heard the Mayor complaining about Officer Side filing for the mayor's position, and he was concerned about ramifications Officer Side's decision would have on their department.

Officer Side asked the Commission to allow him to review Terry Rockey's personnel file, arguing it was essential to effectively cross-examine Mayor Trulove and Chief Gardner. The Commission denied the motion, but instructed its chief examiner to search the files of the three persons on the list for documents "pertaining to either the appointment or reason why a particular individual was not appointed." No such documents were found.

Based upon the testimony at the hearing, the Commission concluded Officer Side had not shown by a preponderance of the evidence that the appointment was made for political reasons. On appeal, the Superior Court reversed the Commission's decision. The court concluded the Mayor's involvement in the promotion process violated the appearance of fairness doctrine. The court also held Officer Side's right of cross examination included the right to review the other personnel files.

First, the City claims the appearance of fairness doctrine does not apply to the Mayor when acting in his appointing capacity. We agree. The doctrine extends the due process requirement that judicial officers be free of any taint of bias to administrators acting in a quasi-judicial capacity. *Medical Disciplinary Bd. v. Johnston*, 99 Wn.2d 466, 478, 663 P.2d 457 (1983); *Evergreen Sch. Dist. 114 v. Clark Cy. Comm. on Sch. Dist. Org.*, 27 Wn. App. 826, 832, 621 P.2d 770 (1980). "It has never been applied to administrative action, except where a public hearing was required by statute." *Polygon Corp. v. Seattle*, 90 Wn.2d 59, 67–68, 578 P.2d 1309 (1978).

The Mayor's decision to promote Terry Rockey instead of Officer Side is not a quasi-judicial decision. A test for distinguishing between judicial and nonjudicial functions is whether the function performed by the agency is one which the judiciary has historically performed prior

to creation of the agency. *State ex rel. Hood v. State Personnel Bd.,* 82 Wn.2d 396, 400, 511 P.2d 52 (1973). The courts have never appointed government officials. Moreover, the Mayor did not act in a role comparable to that of the judicial officer, *i.e.,* hearing evidence submitted by adverse parties and rendering findings and conclusions based on that evidence. Consequently, we hold the Superior Court erred when it applied the appearance of fairness doctrine to the Mayor.

Second, the City contends the court's decision to allow Officer Side access to the personnel files of the other candidates was error. We also agree with this contention. A determination regarding the relevancy of evidence is a matter of discretion and will be reversed only upon a showing of abuse. *Lamborn v. Phillips Pac. Chem. Co.,* 89 Wn.2d 701, 706, 575 P.2d 215 (1978). When it forwarded the names of the top three candidates to the appointing authority, the Commission certified all three were qualified for the position of sergeant. The Mayor had the right, within legal limits, to appoint any one of the three candidates. A showing Officer Side received better evaluations or test results would not prove he was passed over for political reasons. Therefore, we hold the Commission did not abuse its discretion or improperly restrict cross examination when it denied Officer Side access to the files.

A determination of the remaining issues raised by the City is not necessary to our disposition. The judgment of the Superior Court is reversed.

GREEN, A.C.J., and THOMPSON, J., concur.

Review denied by Supreme Court May 25, 1984.