[Nos. 7836–1–III; 8531–7–III.  Division Three.  May 19, 1988.]

James McKinlay, et al, *Petitioners,* v. The Department of Social and Health Services, *Respondent.*

Marian Antes, *Respondent,* v. The Department of Social and Health Services, *Petitioner.*

---

*William Glueck* and *Jardine, Foreman & Appel,* for petitioners McKinlay.

*Kenneth O. Eikenberry, Attorney General,* and *William Dodge* and *Sharon Brown, Assistants,* for the State.

*Jill Johanson* and *McAdams, Ponti & Junke,* for respondent Antes.

MUNSON, J.—These cases were consolidated for oral argument and decision because both involve the revocation of the parties' day–care license and present the pivotal issue of who pays for the transcription of the testimonial record from a hearing held before an administrative law judge, *i.e.,* the appellant or the agency. The two trial courts reached opposite results, namely, one held the appellant pays, the other the agency pays. We hold the appellant pays unless there is a determination of the appellant's indigency. The indigency of these appellants not having been determined, these cases are remanded to the respective trial courts for that determination.

Mrs. Antes, who had run a day–care center for approximately 25 years, had her license revoked by the Department of Social and Health Services (DSHS) because she spanked one child excessively after he had messed his pants. Apparently, the spanking caused bruises which in time disappeared. After a testimonial hearing before an administrative law judge (ALJ),[1] he found this to be child abuse and that the revocation of her day–care license was

---

[1] RCW 34.12; WAC 10–08.

proper. Mrs. Antes appealed and the decision was affirmed by a review judge;[2] she sought further review in the Superior Court for Walla Walla County. RCW 34.04.

There, she moved for an order requiring DSHS to produce a typed transcript of the administrative hearing at state expense and to stay the revocation of her license pending review. The trial court granted both motions. DSHS's motion for discretionary review was granted.

James and Patsy McKinlay's day–care license was revoked based on allegations that Mr. McKinlay had sexually abused children while they were at the day–care center. A hearing was held before an ALJ during which many witnesses testified. The ALJ found Mr. McKinlay had sexually abused six children; but inasmuch as Mrs. McKinlay had not participated in the abuse, the license to operate the day–care center should not be revoked. On the McKinlays' appeal, the review judge affirmed the finding of sexual abuse, but found pursuant to WAC 338–73–036, inasmuch as their day–care license was issued to them jointly, it was an abuse of discretion to permit Mrs. McKinlay to continue to operate. Mr. McKinlay remained in the home.

The McKinlays appealed to the Superior Court for Chelan County; their motion to require DSHS to provide a transcript at state expense was denied. They then sought permission to have the record transcribed by a private party, thus providing a written transcript. The record consists of 38 audio magnetic cassette tapes of approximately 1 hour each. This motion was denied.

The McKinlays appeal asking this court (1) to find the State is required to furnish a testimonial transcript of the administrative hearing at state expense or that the transcript, privately transcribed from the cassette tapes, be filed as a verbatim report of proceedings for their appeal; and (2) to remand their case to the ALJ for consideration of an alleged recantation by the State's polygraph operator.

---

[2]WAC 388–08–409, –413.

TESTIMONIAL TRANSCRIPT COST

This appeal is pursuant to the administrative procedure act (APA) (RCW 34.04). Section .130(4) of that statute states:

> Within thirty days after service of the petition, or within such further time as the court may allow, *the agency shall transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review*; but, by stipulation of all parties to the review proceeding, the record may be shortened. Any party unreasonably refusing to stipulate to limit the record may be taxed by the court for the additional costs. The court may require or permit subsequent corrections or additions to the record when deemed desirable.

(Italics ours.)

This court, on three occasions, has held that untranscribed audio magnetic cassette tapes are not acceptable for review within the appellate process. *State v. Alfonso,* 41 Wn. App. 121, 122–24, 702 P.2d 1218 (1985); *Seattle v. Boulanger,* 37 Wn. App. 357, 680 P.2d 67 (1984) (appellate review of a traffic offense conducted before the Seattle Municipal Court); *Bennett v. Board of Adj.,* 23 Wn. App. 698, 700–01, 597 P.2d 939 (1979) (review of administrative hearings).

The rationale is that the volume of business in this court does not permit us to expend that time listening, in one of these cases, to 38 hours of testimony.[3]

Furthermore, in *Portage Bay–Roanoke Park Comm'ty Coun. v. Shorelines Hearings Bd.,* 92 Wn.2d 1, 8–

---

[3]We recognize there is an experiment being conducted in the Superior Court for Clark County where video cameras record the sight and sound of court proceedings. There is one case arising from that court on appeal in Division Two. There is limited transcription, but under the rules for that experiment, counsel are directed to cite to specific points of the record as noted on a digital recorder for those portions of the record applicable to the appeal. Temporary order of Supreme Court authorizing the establishment of temporary procedures for experimental use of videotape equipment to record court proceedings in Clark County, dated July 2, 1987. There is no such direction here. Further, we note the rules for appeal from courts of limited jurisdiction, RALJ 6.3A(a), provides for the transcription of electronic recordings of proceedings on appeal to the superior court.

9, 593 P.2d 151 (1979), interpreting RCW 34.04.130(4), the court stated:

> The administrative procedures act and the SMA [Shoreline Management Act] are silent on who pays the costs of transcription. The Board [Shorelines Hearings Board] points out it is a quasi–judicial body (RCW 90.58.170), and asserts its position as analogous to that of a superior court, *i.e.*, while a superior court certifies its record to an appellate court, the costs for preparation of that record are borne by the party taking the appeal. We believe this analogy is apt and, *in the absence of language in the administrative procedures act or the SMA authorizing payment of costs of transcription by the Board, we hold this is the responsibility of the parties.*

(Italics ours.)

While the McKinlays rely on *Zoutendyk v. Washington State Patrol,* 95 Wn.2d 693, 628 P.2d 1308 (1981) and *Pryse v. Yakima Sch. Dist. 7,* 30 Wn. App. 16, 632 P.2d 60, *review denied,* 96 Wn.2d 1011 (1981) for the proposition that the agency pays for the transcription, those cases are distinguishable. There, the appellate procedure was governed by other statutes, namely, in *Zoutendyk* (quoting former RCW 41.06.180) wherein "[p]ayment of the cost of a transcript used on appeal shall await determination of the appeal . . ." *Zoutendyk,* at 696. *Pryse* (quoting RCW 28A-.58.470) requires "the school board shall *at its expense* file the complete transcript . . ." *Pryse,* at 26.

This case being reviewed pursuant to the APA, *Portage* controls and the cost of preparing the transcript must be borne by the appellant.

### INDIGENCY

Counsel for the McKinlays states they are unable to pay the cost of the transcript. A letter attached to DSHS's brief as appendix A–1 from a legal secretary of DSHS to counsel for the McKinlays, dated June 17, 1985, states in part:

> The cost to prepare a transcript is approximately $206 per hour of recorded time to be transcribed. If you wish a transcript of all thirty eight hours of the hearing the cost will be approximately $7,828. If you wish less than the

whole hearing transcribed the cost will be approximately $206 per tape of recorded hour.

This court was subsequently advised by counsel, the assistant attorney general representing DSHS, that the present cost is $245 per hour. If all 38 tapes were to be transcribed, the present cost will be $9,310. One can assume the same amount will be charged Mrs. Antes for transcribing her 16 tapes.

Counsel for McKinlays states there is no provision for appeal by an indigent provided either by the statute or by the rules. We disagree. The APA provides for judicial review. The first review is to the superior court. It is acting as an appellate court reviewing the record made before the administrative body; thus, we find that RAP 15.2 would apply and that a motion pursuant thereto could be made in the superior court. If a finding of indigency is made pursuant to RAP 15.2(b)(3), the clerk should transmit the proper documentation to the Supreme Court for its determination.

However, the McKinlays have had transcribed the 38 audio magnetic cassette tapes. Again in the letter previously noted, the assistant attorney general has advised the preparation of a transcript is a 2-step process. The first step having been done by a Word Processing Typist II who prepares a rough and second draft of the transcript and then submits that document to a Legal Secretary II who proofreads and certifies the transcript. On remand, the court should determine why a Legal Secretary II could not proofread and certify the transcript prepared by the McKinlays. Counsel has advised that the proofing has an approximate rate of $63 per tape which, at the hourly rate of $15.78 per hour, computes to approximately 3.8 hours of proofing per tape of transcript. The court may desire to have testimony as to the time it takes to perform this task as well as whether the McKinlays could afford that process which, if the 38 tapes are done in total, would be approximately $2,394. Inasmuch as neither the superior court nor this court has had an opportunity to review the transcribed record, this matter is remanded to the Superior Court for

Chelan County for a hearing involving indigency and other matters as set forth in this opinion.

Due process requires that citizens be allowed access to the courts. Const. art. 1, § 3. Also required is that justice be administered without unnecessary delay. *See generally* Const. art. 1, § 10.

Inasmuch as Mrs. Antes was granted a free transcript and we have held that is not appropriate under the APA, the Superior Court for Walla Walla County may desire to consider the indigency of Mrs. Antes and the reasonableness of the charges for transcription by DSHS.

## OTHER MATTERS

In Antes, the court granted a stay of the license revocation pending appeal. In the McKinlay case, while the stay was granted, it was revoked because of a violation of the conditions of the stay. DSHS contends the court erred in granting a stay in the Antes case. We disagree. RCW 34.04-.130(3) provides in part: "[O]r the reviewing court may order a stay upon such terms as it deems proper." He who lives by the sword dies by the sword. DSHS, properly contending the APA is applicable to these appeals, must accept the statute as it is. The court did not abuse its discretion in granting the stay.

The McKinlays also contend the ALJ did not possess subject matter jurisdiction sufficient to determine whether Mr. McKinlay sexually abused the children. DSHS was expressly given legislative authority to license, to establish minimum requirements for, and the authority to deny, suspend, or revoke a license to operate day–care centers, RCW 74.15.020, .030(2), .040, and .130. DSHS properly adopted WAC 388–73–030 which states in part: "[A] licensee, staff and other persons on the premises shall not . . . be a perpetrator of substantiated child abuse." *See also Fettig v. Department of Social & Health Servs.,* 49 Wn. App. 466, 744 P.2d 349 (1987), *review denied,* 110 Wn.2d 1003 (1988) where sex abuse was the issue determining the revocation of a day–care license.

Lastly, the McKinlays contend the court should have remanded this matter to the ALJ to consider the newly found evidence, namely, that a polygraph operator for DSHS has recanted his testimony. This may be proper pursuant to RCW 34.04.130(6). This concerns the discretion of the superior court. *State v. York*, 41 Wn. App. 538, 704 P.2d 1252 (1985). While we find no abuse of discretion at this point, the superior court may want to reconsider this matter upon remand.

Both cases are remanded to the respective superior courts to proceed in accordance with this opinion.

McINTURFF, C.J., and THOMPSON, J., concur.